Day, J.
 

 Appellants, the city of Steubenville and others, contend that the court, by its opinion, found that the charges which resulted in appellee’s dismissal were true; that therefore, under the provisions of Section 486-17a, General Code, the court had no discretion but to affirm the findings of the civil service commission; that the court had no power to modify the findings of the commission and could only “determine the sufficiency of the cause of removal,” and, after so determining, must either affirm or disaffirm the action of the director of public safety and the findings of the civil service commission.
 

 Appellee contends that the entry of the Court of
 
 *471
 
 Common Pleas disaffirmed and reversed the action of the civil service commission; that “the suspension, as imposed by the Common Pleas Court, was solely prejudicial to the rights of the appellee and not to the appellants, and since no cross-appeal was prosecuted by appellee, the question is not before this court nor is it available to the appellants in this proceeding.”
 

 The appellate jurisdiction of the Court of Common Pleas over the decision of the Steubenville Civil Service Commission in this cause is derived from the provisions of .Section 486-17a, General Code, the pertinent portion of which reads:
 

 “In all cases of removal the appointing authority shall furnish such employee or subordinate with a copy of the order of removal and his reasons'.for the same, and give such officer, employee or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee or subordinate shqll be filed with the commission. Any such employee or subordinate so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall f orthwith notify the appointing authority and shall hear, or appoint a trial board -to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission’s decision shall be final; provided, however, that in the ease of the removal of a chief of police or chief of the fire department or any member of the police or fire departments of a municipality an appeal may be had from the decision of the municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal. Such appeal
 
 *472
 
 shall be taken within ten days from the finding of the commission.”'
 

 Under the provisions of this statute, the appellate jurisdiction of the Court of Common Pleas, in such case as this, is limited to the ascertainment of one question only, namely, whether there was sufficient cause for removal. Where the court finds the cause to have been sufficient, it is its duty to affirm the judgment of the commission
 
 in toto.
 
 Where, however, it finds otherwise, it is its duty to disaffirm
 
 in loto.
 
 This is the full extent of its jurisdiction. The court was without power, under the statute, to modify the judgment of the commission by imposing the four-month suspension upon appellee. In so doing, the court committed error. However, this was an error prejudicial to the rights of appellee and therefore not available to appellants. But since the imposition of the suspension was expressly accepted by appellee in his brief, as indicated by the statement of his contention appearing above, and since no cross-appeal was prosecuted by the appellee to contest the suspension, the error will be deemed waived.
 

 “An assignment of error may be waived by an entry on the record or by express waiver in the brief or oral argument, and such matter will not be further considered unless necessary to secure justice, and the waiver is binding unless leave to withdraw it is • granted.” 5 Corpus Juris Secundum, 1217, Section 1801.
 

 The , question now arising is whether the court was bound to affirm the decision of the civil service commission in view-of the court’s, finding that appellee was proven guilty of the several charges preferred against him, namely, that he had been guilty of discourteous treatment of the public, neglect of duty and insubordination.
 

 Section 486-17a, General Code, provides that any officer, employee or subordinate in the classified civil
 
 *473
 
 service of the state, the counties, cities' and school districts thereof, holding a position under the provisions of the civil service act
 
 “may
 
 be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office.” (Italics ours.)
 

 It will be noted that the statute employs the words “may be removed.” Under this language, removal by the director of public safety, or by the civil service commission, of a police officer upon a finding of guilty of the offenses listed in the statute, is not made mandatory. By the same token, if the Court of Common Pleas finds that the officer was guilty of one or more of the statutory charges preferred against him, but is of the opinion that there is not sufficient cause for removal, it is not mandatory upon the court to affirm the commission.
 

 That part'of the journal entry which finds “that there is not sufficient cause for the removal of William M. Hawkins from his position as patrolman in the police 'department of the city of Steubenville” falls within the scope and extent of "the court’s jurisdiction ■and states the judgment of the court, which is one of disaffirmance. However, that part of the journal entry in which the court finds that disciplinary punishment should be adjudged, and proceeds to impose the punishment of suspension, does not fall within the court’s jurisdiction, is mere opinion, and is not controlling.
 

 We find no error in the rendition of the judgment.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Williams, Myers and Gorman, JJ., concur.