**CINCINNATI (city) v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF CITY OF CINCINNATI**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5729. Decided Feb. 19, 1940.

John D. Ellis, Cincinnati and Nathan Solinger, Cincinnati, for appellee.

Bert H. Long, Cincinnati and Milton M. Bloom, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

(1) The notice of appeal in this case recites that the appeal is on "questions of law and questions of law and fact". It was filed October 27th, 1939, and the entry appealed from was made on October 23rd, 1939. On December 2nd, 1939, an appeal bond was filed.

By §12223-6, GC, it is enacted that "No appeal shall be effective as an appeal on questions of law and fact unless and until the order, judgment or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the said bond is filed at the time the notice of appeal is required to be filed." The following section (12223-7, GC) provides that the appeal shall be perfected within twenty days from the entry appealed from.

The bond, therefore, was not only not filed with the notice or within twenty days of the making of the entry appealed from, but thirty-nine days after that date. Filing it █ at that time did not make the appeal effective as an appeal on law and fact.

We, therefore, hold that no matter whether the action was one in chancery or otherwise, this appeal is effective as an appeal on question of law only.

(2) In **Jackson v Board of Education, 115 Oh St 368**, the Supreme Court held that §3812, GC, conferred power upon municipalities to levy assessments against boards of education for street improvements. Our attention has been called to no statutory or █ other change that would deprive municipalities of the power which they had at the time of that decision—and we know of no such change. We, therefore, consider that the question is not debatable in this court, and it has been so treated by counsel. Jackson v Board of Education is a binding precedent, which we follow in this case.

(3) The plaintiff sought and obtained a personal judgment for money only, basing its claim upon proceedings by the city council culminating in 1935 in an ordinance assessing against the appellant a proportionate share of the cost on the basis of the abutting foot frontage for installing █ and operating boulevard lights on Madison Road during the years 1935, 1936, and 1937. This method of enforcing a valid assessment is authorized by §3898, GC. No relief other than money was prayed for. When the case came on for trial, the plaintiff claimed that because of the nature of the defenses, the action had been transformed into a chancery action, or, at least, that the defenses were equitable and should █ be heard by the court without the intervention of a jury.

The trial court ruled that the action was not a chancery case, and that all issues of fact should be determined by a jury. Accordingly, a jury was duly impanneled.

In so ruling, the court was clearly right.

The defenses asserted by the defendant—defect in council's legislation, that the assessment exceeded benefits, that there were no benefits, that the assessment was discriminatory and confiscatory—are not creations of the courts of equity. They call for the interpretation of statutory and constitutional provisions, and their application to the facts of the case. The duty of

interpreting and applying statutory and constitutional provisions is not, and never has been, peculiar to courts of chancery. Courts of law are, and always have been, under the same duty.

The fact that, because of the nature of the relief (injunction or foreclosure of liens) usually sought in actions involving the validity of assessments, these questions of fact have been almost uniformly submitted to courts without the intervention of a jury, does not change their essential nature, which is legal and not equitable.

(4) At the close of the evidence, the court sustained the plaintiff's motion for an instructed verdict for the amount of the assessment, overruled the defendant's motion for a new trial, and entered judgment on the verdict. This could be done only where the undisputed evidence entitled the plaintiff to a judgment. The defendant denies that that situation is shown by this record.

In the first place, it is pointed out that the resolution of necessity was not recorded, as required by §4227, GC, and it is claimed that this omission invalidated the assessment. But it was decided in **Uppington v Oviatt, 24 Oh St 232,** that this provision was merely directory and that the failure to follow the direction did not invalidate the legislation.

Next, it is claimed that the evidence shows that there were no benefits resulting to the defendant's property by reason of these boulevard lights, or, at least, that the assessment was in excess of benefits, and for that reason, the assessment in whole or in part constituted a confiscation of property in violation of the provisions of the state constitution and the 14th amendment of the United States Constitution, against the taking of property without due process of law. This is the affirmative matter alleged in the answer as a defense or defenses to the action.

An examination of the proceedings of council discloses that this assessment was levied in July, 1935, for boulevard lights from June 1st, 1935 to July 31st, 1938. By §3848, GC, it is provided that any property owner who is dissatisfied with an assessment may file objections in writing with the clerk of council within two weeks after the publication of the notice of the passage of the assessing ordinance, (which was July 10th, 1935 in this case), whereupon he is entitled to a hearing before a board appointed to equalize the assessment. The defendant failed to file any objection and remained inactive during all the time that the boulevard lights were maintained in front of its property. It is well settled that a property owner must exhaust the administrative remedies before resorting to the courts for relief, and failure so to do is a waiver of all objections to the assessment based on failure to comply with statutory requirements. **City of Cuyahoga Falls v Beck, 110 Oh St 82; Bashore v Brown, 108 Oh St 18.**

Now while the defendant, by not filing written objection, waived all objections on the ground that council failed to conform to the statutes, it did not thereby waive any constitutional objection. If this assessment either in part or in whole contravenes any constitutional provision, it is to that extent void and unenforceable. The constitutional provision that is claimed to be violated is the provision of the 14th Amendment, that no state shall deprive any person of property without due process of law and the equivalent provisions (§§1 and 19 of Art. I) of the state constitution. This was decided in **Baxter v Van Houter, 115 Oh St 288; Morton v City of Cincinnati, 55 Oh Ap 474; Morton v City of Cincinnati, 61 Oh Ap 329.** However, in these cases the improvement was completed before the assessment, which is a much stronger case in favor of the property owner than is shown when the assessment is levied before the improvement, as in this case.

Now what is meant by taking of property without due process of law,

through the exercise of the taxing power? Well, it should be observed, first, that the Constitution confers the taxing power upon the legislature, and not upon the courts. The legislature enacts the tax laws, and in most instances confers authority upon administrative officers to levy and collect the tax. It is a non-judicial function, and under the Ohio Constitution the courts have no such power conferred upon them and the legislature has no power to confer any such authority upon the courts. Within its constitutional authority, legislative action is due process.

The judicial function consists in interpreting and applying the law. Care must be observed that under the guise of interpreting and applying the law, neither legislative nor executive power be usurped. Such usurpation would itself lack due process.

Now, if the judicial function is limited to interpreting and applying the law, when does the occasion present itself in the exercise of such function for judicial intervention when the other departments of government have levied, or are about to levy a tax or assessment? The answer to this question is the obvious one, that it is when it is claimed that the officers of the other departments are exceeding the authority conferred upon them by statute or constitution. This can only be determined by interpreting the statutory or constitutional provision and applying it to the conduct of the officer, officers, board, commission, or council. That is the judicial function.

If the finding of special benefits had been made by the legislature itself, no judicial inquiry on that subject would be permissible. In Cheesebro v Los Angeles County Flood Control Dist., 83 Law Ed., 921, (306 U. S. 459) the United States Supreme Court said on this subject, at 926, that: "And, where within the scope of its power the legislature itself has found that the lands included in the district will be specially benefited by the improvements, prior adequate and appropriate inquiry is presumed, and the finding is conclusive." This statement, of course, pre-supposes that the legislative act is not so arbitrary as to be a mere confiscation of particular property. Metheim v Moffet Tunnel Improvement Dist., 262 U. S., 710.

But, where authority is conferred upon a subordinate political agency of the state to levy an assessment to recapture special benefits accruing to the property by virtue of a ██ public improvement, the authority is conditioned upon the existence of such special benefit. The agency is required to find a special benefit before it has the authority to levy.

Wherever power or jurisdiction is conferred, dependent upon the existence of a state of facts, power to determine, in the first instance, the existence or non-existence of such facts is necessarily included in the power conferred. This is true of the jurisdiction of courts. 1 Freeman on Judgments (5th ed.), §350. It is equally true of the power conferred upon administrative agencies, and, we place the city council in that category. In Lent v Tillson, 140 U. S. 316, at 331, the court said: "Jurisdiction was, of course, essential before the plaintiff's property could have been burdened with this assessment. But errors in the mere administration of the statute, not involving jurisdiction of the subject and the parties, could not justify this court, in its re-examination of the judgment of the state court, upon writ of error to hold that the state had deprived, or was about to deprive, the plaintiffs of their property without due process of law. Whether it was expedient to widen DuPont Street, or whether the Board of Supervisors should have so declared, or whether the Board * * * correctly estimated the benefits accruing to the different owners of property affected * * * are none of them issues presenting Federal questions."

Assuming then, that the city council had jurisdiction to determine the fact (special benefit) upon which its jurisdiction to assess depended, can the

judicial courts review this determination, and, if so, what standard should the court apply in reaching its conclusion? That there is a power to review and control of which the courts cannot be deprived is clear. The omnipresent necessity of enforcing the due process clause imposes this power and duty upon the courts. But the due process clause does not require the courts to take over the legislative or administrative functions of the other departments.

Due process forbids the courts to usurp such functions. The courts, therefore, have no jurisdiction to re-examine the data to determine whether the city council reached the correct conclusion upon the amount of special benefits, or whether as a de novo issue, the data showed special benefits. That is not the issue presented to the court. The issue here is whether there is any substantial foundation for the action of the city council in finding that there were special benefits. In a sense the assessing officials are on trial. Having power to decide the question of special benefits they had power to err in so finding, and mere error is not sufficient to show that they are guilty of making the assessment without authority.

If substantial evidence existed that special benefits would accrue to the property owner from installing and maintaining these lights in the streets, the fact existed upon which the city's jurisdiction to assess depended, and that jurisdiction existing, no judicial subject would be presented. That is the standard by which the judicial issue is determined.

Stated in different language, and as frequently stated, the determination of the assessing authorities that special benefits will accrue will not be disturbed by the courts in the absence of a showing of fraud or an abuse of discretion. 36 O. Jur. 1009. That is, in effect, saying that there was no substantial evidence of special benefits, the presence of which was essential to any power to assess.

Examining the record, we find abundant evidence that the maintenance of these lights in the street was a benefit to the abutting property owners, different both in kind and degree from the benefit to the community at large and the traveling public. In fact we believe that judicial notice should be taken of the special benefit to abutting property from the presence of a well-lighted street. Certainly, in the presence of the evidence in this record of the special benefits and of common experience, it could not be said by any tribunal that there was no substantial evidence to support the finding of the assessing authorities. To find for the defendant on this issue would require such a finding and such a finding would be entirely devoid of support.

There is no evidence, and no contention, that the assessment exceeds the value of the property after the improvement.

The court was, therefore, right in concluding that there was no issue of fact to be submitted to the jury.

Counsel for appellant points out that on other streets the city has maintained similar lights without assessing on account of special benefits, and argues that this inequality invalidates this assessment.

Whether an improvement shall be financed wholly from money in the treasury which has been raised by a general tax, or wholly or partly by an assessment to recapture for the public special benefits is a matter of policy to be determined, not by the courts, but by the policy making department. 25 R. C. L. 134; Fisher v Astoria ( . Or. , 269 Pac 853) 60 A. L. R. 260. Whichever course is pursued, no vested right of any one is infringed by the choice, when the choice is in favor of a special assessment. The sole question is whether there is substantial evidence to support that choice. If there is, then, of course it is just that the property owner should pay for the special benefit. The fact that at some other time and some other place a different choice

was made, is no defense. If the choice made with reference to another improvement infringed any right it should have been asserted then.

For these reasons, the judgment is affirmed.

HAMILTON, PJ. & ROSS, J., concur.