KEARNS, APPELLEE, *v.* SHERRILL, CITY MANAGER, ET AL., APPELLANTS.

534

(Decided March 11, 1940.)

*Mr. Sol Goodman,* for appellee.

*Mr. John D. Ellis, Mr. Ed. F. Alexander* and *Mr. J. B. Grause, Jr.,* for appellants.

MATTHEWS, J. The problem presented by this appeal may be stated in the form of three questions. They are:

(1) Does the Appellate Procedure Act of 1935 govern an appeal to the Common Pleas Court from the decision of a municipal civil service commission?

(2) If so, have its provisions been complied with, so as to give the Court of Common Pleas jurisdiction to review the civil service commission's decision in this case?

(3) If the jurisdiction of the Common Pleas Court was properly invoked, what are the limits of that jurisdiction?

The answers to these questions will determine whether the judgment should be affirmed or reversed.

The appellee was a police officer of the city of Cincinnati, protected against arbitrary dismissal by the civil service laws of the state.

On November 29, 1938, he was notified of his discharge on the ground of conduct unbecoming a patrol-

man, such conduct consisting of being asleep while on duty, failing to properly patrol his beat, and being under the influence of liquor while in uniform and on duty.

In accordance with Section 486-17a, General Code, he appealed to the civil service commission, which, on January 3, 1939, sustained the action of the city manager in discharging him.

On January 13, 1939, the appellee filed a petition in the office of the clerk of the Common Pleas Court, which was styled ''Petition on Appeal,'' and in it he recited that the action thus instituted was an appeal under Section 486-17a, General Code, from the order of the civil service commission. A summons was issued on that same day directing the sheriff to serve the members of the civil service commission. This summons was endorsed ''Appeal from the civil service commission of the city of Cincinnati,'' etc. The return shows that it was served on January 14, 1939, by delivering a true copy to the commission's secretary and each commissioner personally.

■ What law governs the procedure of an appeal from the civil service commission?

The only requirement specifically referring to such an appeal is found in Section 486-17a, General Code. It provides:

''The tenure of every officer, employee or subordinate in the classified service of the state, the counties, cities and city school districts thereof, holding a position under the provisions of this act, shall be during good behavior and efficient service; but any such officer, employee or subordinate may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office.

"In all cases of removal the appointing authority shall furnish such employee or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employee or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee or subordinate shall be filed with the commission. Any such employee or subordinate so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission's decision shall be final; provided, however, that in the case of the removal of a chief of police or chief of the fire department or any member of the police or fire departments of a municipality *an appeal may be had from the decision of the municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal.* Such appeal shall be taken within ten days from the finding of the commission."

It will be observed that there is nothing in this section as to the mode or manner of taking an appeal. All it does is to prescribe a limitation as to time. And it will be observed that this limitation (10 days) is the same as is prescribed by Section 12223-7, General Code, for appeals other than those to the Supreme Court, the Courts of Appeals, and from the Municipal Court and Probate Court to the Common Pleas Court.

The section (486-17a, General Code) having provided for an appeal to the Common Pleas Court from the civil service commission, and not having prescribed any

procedure by which the appeal should be taken, what law does govern the procedure? We believe Section 12223-1, General Code, answers that question clearly. It provides that the word "appeal," as used in the Appellate Procedure Act shall be construed to mean all proceedings whereby one court reviews or retries a cause determined by another court, an administrative officer, tribunal or commission.

We, therefore, hold that an appeal from the civil service commission can only be taken by compliance with the procedural requirements of the Appellate Procedure Act, effective January 1, 1936.

■ The Appellate Procedure Act (Section 12223-4, General Code) provides that an appeal shall be perfected when written notice of appeal shall be filed with the lower court, tribunal, officer, or commission, and that no other subsequent act shall be deemed jurisdictional.

Undoubtedly the Legislature intended to reduce the jurisdictional requirements to the lowest possible denominator by providing for the mere filing of a notice of appeal with the tribunal rendering the decision appealed from. At the same time, it repealed the existing sections of the Code of Civil Procedure providing for error proceedings from the Common Pleas Court and Court of Appeals, commenced by petition in error and summons thereon, and made the new procedure applicable in all instances where there existed no statute providing otherwise. There was left no provision for initiating an appeal by filing any sort of a notice or petition in the appellate court except where leave was required in advance, which is not this case.

Such being the state of the statutory law, was there a substantial compliance by the plaintiff? Certainly the method adopted cannot be approved as technically correct.

In *Capital Loan & Savings Co.* v. *Biery,* 134 Ohio St.; 333, 16 N. E. (2d), 450, the court held that a recital of

notice of appeal in an entry overruling a motion for a new trial was sufficient compliance to give the appellate court jurisdiction.

In the case at bar, there was delivered to the commission's secretary and to each commissioner personally within the ten day period a summons upon which was the endorsement: "Appeal from the Civil Service Commission of the city of Cincinnati and the city manager of Cincinnati." The summons, of course, showed the name of the complainant as well as the names of the defendants.

Now it seems to us that if a document containing this information had been filed with the commission without any filing in the Common Pleas Court, we would be required to say that it was a substantial compliance with the law, and that the appellate court would have allowed any amendment desired to cure any defect or ambiguity in it.

In *Daily, Admr., v. Dowty*, 52 Ohio App., 84, 3 N. E. (2d), 430, the court held that filing a petition in error in the Court of Appeals and causing summons to be served on the appellee was not a compliance with the requirement of Section 12223-4, General Code, that notice of appeal shall be filed in the Common Pleas Court, but it should be observed that nothing was filed in the Common Pleas Court in that case, whereas, in this case the summons was delivered to the secretary of the commission, as well as to each of the commissioners.

While not approving the method, we believe the spirit of the Appellate Procedure Act requires us to hold that a notice of appeal was filed with the commission within the statutory period of ten days, and that the jurisdiction of the Common Pleas Court was invoked.

Now what was the extent of the jurisdiction thus invoked?

Section 486-17a, General Code, which authorizes this

appeal provides that the purpose of the appeal is "to determine the sufficiency of the cause of removal." If this language were analyzed as an isolated expression of legislative will, the exact meaning would be difficult to determine, but when considered in relation to legislative power and the governmental agencies involved, the difficulty largely disappears.

The Common Pleas Court is created by the Constitution, Section 1, Article IV. It was created to exercise such of the judicial power of the state as might be conferred upon it by the Legislature. Unless the Constitution has expressly authorized the Legislature to confer non-judicial functions upon the Common Pleas Court, it has no power so to do. The Constitution provides for a separation of powers by creating the three departments and conferring power upon them. The Constitution does expressly confer executive and administrative power upon some courts in specific instances, but in the absence of such express constitutional provision, the general provision vesting only judicial power in the courts created by the Constitution must be observed.

The civil service commission is an administrative tribunal and not a judicial court. The police department exercises the executive power of the government and not the judicial power. The civil service commission in reviewing the action of the appointing officer is exercising the same power. The discretion which the appointing officer exercises in removing a subordinate is executive discretion and not judicial discretion. The discretion exercised by the civil service commission is also executive and not judicial.

It is clear that neither original nor appellate jurisdiction to exercise executive discretion could be conferred upon the Common Pleas Court.

It is equally clear that jurisdiction can be conferred upon the Common Pleas Court to interpret and apply the law to administrative commissions, officers and

tribunals, and that this includes the power to determine whether the constitutional provision guaranteeing due process of law has been accorded. Indeed, this power could not be withheld from the judicial courts. Whether it shall be exercised in an original action, or by way of appeal, is a procedural matter, within the competency of the Legislature to determine.

This whole subject of the constitutional limits of a review of the proceedings before administrative officers, commissions, and tribunals was fully discussed with an elaborate reference to the cases in *Stanton, Pros. Atty.*, v. *State Tax Commission*, 114 Ohio St., 658, at 672 *et seq.*, 151 N. E., 760. At page 680, the court said:

"The foregoing cases are for the most part harmonious, and yet it is impossible to reconcile all of them. Whether or not the Court of Common Pleas is exercising judicial power depends, not upon the source of the controversy, but upon its character. The source of the controversy does not in any sense determine its character. If the proceeding involves a ministerial, executive, or political function, no legislative fiat can make it a matter of judicial cognizance, unless the agencies charged with performance of the function proceed in an unlawful manner. If, on the other hand, it involves a controversy over rights of person or property—that is to say, a matter of judicial cognizance— a court of competent jurisdiction is not deprived of that jurisdiction by the fact of some administrative agency having first made some determination of it. In such event it is not only competent for the Legislature to provide a judicial review, but it is its imperative duty to do so."

Quoting from *Conover* v. *Gatton*, 251 Ill., 587, 96 N. E., 522, the court said in *Stanton* v. *Tax Commission, supra*, at 682:

" 'An appeal authorized by the Legislature to be taken to a court from the action of a non-judicial body

may be entertained if the state of facts is such that the appellate tribunal would have had original jurisdiction of the controversy in some form of action.' ''

It is clear that the Common Pleas Court could not have been vested with power in an original action to exercise the executive or administrative discretion of determining whether under all the circumstances the patrolman should be retained in office, after it is determined that good and sufficient cause for his removal had been found to exist, and tested by that rule, it is equally clear that it cannot be vested with such jurisdiction on appeal from an administrative tribunal.

The members of this court have had occasion to study this question in other cases, and have expressed their conclusions in *Linch* v. *Heuck, Aud.,* 58 Ohio App., 406, 16 N. E. (2d), 613, and *Provident Savings Bank & Trust Co.* v. *Tax Commission,* 26 Ohio Law Abs., 175.

In the light of this constitutional limitation upon the power of the Common Pleas Court to receive jurisdiction, we hold that the language of Section 486-17a, General Code, must be construed to confer upon that court jurisdiction to review the proceedings of the civil service commission to determine whether it had exercised the authority conferred upon it in accordance with the statutes, and whether due process of law and other constitutional safeguards had been observed, thereby excluding from the review the administrative discretion exercised by the appointing officer and the civil service commission. That the Legislature was conscious of the limitation upon its power to confer jurisdiction upon the Common Pleas Court is indicated by the provision that upon the review the court should either affirm or reverse the ruling of the commission. Had the Legislature intended the court to determine the issue as though exercising original jurisdiction, certainly the power to modify the commission's rulings

would have been conferred, as well as the power to affirm or reverse.

What conclusion is required by the application of these principles?

To determine whether the civil service commission proceeded within statutory and constitutional limitations, the record of what transpired before the commission should have been brought before the Common Pleas Court. This was not done. The court proceeded on the theory that it was required to hear *de novo* the issue between the appointing officer and the patrolman. After such a hearing the court found that the grounds for removal had been proven and that some disciplinary action was required, but that as the court believed that dismissal was too severe, a judgment of reversal was entered. In the judgment of reversal, the court found that there was not sufficient ground for removal, but this is inconsistent with the findings set forth in the bill of exceptions, which is the latter expression of the court, and, therefore, controlling. Furthermore, the evidence clearly proved the grounds for removal.

Had the court found that the grounds of removal had not been sustained by the evidence produced at the trial, we would have been required to decide whether the failure to present the evidence heard by the civil service commission and to limit the inquiry to determining whether it furnished a substantial basis for the commission's ruling would have been presented. But as the burden would have been upon the appellant to produce that record, the finding of the court was the same as it would have been had the court predicated its finding on the absence of such record.

It should also be noted that while the witnesses were called and the trial conducted as though the proceeding had originated in the Common Pleas Court, the record shows that it was agreed that the same evidence was introduced at the hearing before the commission.

We therefore conclude that as the trial in the Com-

mon Pleas Court disclosed no failure of the civil service commission to observe the law conferring power to act in the premises, and no denial of due process of law or any other constitutional safeguard, the ruling of the commission in sustaining the action of the appointing officer in removing the appellant from the police force should have been affirmed.

The trial court was influenced in treating the hearing before it as a trial *de novo* by the case of *Hawkins* v. *City of Steubenville,* 134 Ohio St., 468, 17 N. E. (2d), 641. It is true that there is language in the opinion in that case that can be construed to give to the Common Pleas Court a wider discretion than the Constitution permits, but all this was *in arguendo,* and must be controlled by the judgment actually rendered as well as by the syllabus. As we construe the opinion, the court concluded that on the record it appeared that the Common Pleas Court was of the opinion that evidence before it but not in the record before the Supreme Court, showed that the police officer had been guilty of conduct justifying removal, but that the court when it came to rendering its judgment, did not carry this opinion into it, but, on the contrary, found that there was not sufficient cause for removal. Of course, the court could have changed its mind as to the probative force of the evidence or, even without changing its mind, it had the power, although not the right, to enter a contrary judgment.

But the syllabus is the law of the Supreme Court decisions and the syllabus is limited to the statement that the Court of Common Pleas in reviewing the action of a civil service commission is limited to affirming or disaffirming in toto and is without authority to modify the ruling of the commission. The Common Pleas Court had recited in its judgment entry that it found from the evidence that the cause for removal was insufficient, and, as the bill of exceptions did not show any of the evidence upon which the court had so

found, it was impossible for the appellate court to test the finding by the evidence to determine whether this conclusion was reached by the exercise of a judicial discretion, within the court's jurisdiction, or, by the exercise of an administrative discretion, beyond the court's jurisdiction.

For these reasons, the judgment is reversed and the finding of the civil service commission is affirmed.

*Judgment reversed.*

HAMILTON, P. J., and Ross, J., concur.