**FOLTZER et v CINCINNATI (City) et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5934.   Decided April 7, 1941

Frank K. Bowman, Cincinnati, for appellees.

John D. Ellis, Cincinnati, and Nathan Solinger; Cincinnati, for appellants.

## OPINION

By ROSS, J.

This matter is presented to this court as an appeal on questions of law only.

The action was brought to enjoin the collection of an assessment based upon special benefits to property of the plaintiffs adjoining a thoroughfare upon which boulevard lights had been installed. The assessment was based upon the benefits accruing to the property by virtue of such installation.

The claim is made in the petition, first, that no benefits of any kind accrued to the property involved and, second, that in a previous action "said assessment was determined to be of no benefit to the properties of the plaintiffs and it was held illegal and void as charged against the same and the defendants were perpetually enjoined from collecting or endeavoring to collect any part of said assessment as charged against the properties of the plaintiffs in said cause."

The first defense advanced by the defendants to the first claim of plaintiffs is a general denial, the second defense is that the assessment sought to be enjoined in this action was levied by an ordinance of the City of Cincinnati following the report of an estimating board of three disinterested freeholders appointed by Council to report an estimated assessment on the property found to have been specially benefited by said improvement, and in accordance with the special benefits conferred upon each of said properties by said improvement.

It is further claimed by the defendants that due notice of the filing of the report of said estimating board was given by publication and that no objection was made seasonably by plaintiffs as to such report.

The defense to the second claim involving allegations is that such litigation did not involve the same assessment as the one herein involved, nor did it involve a similarly levied assessment.

The trial court rendered judgment for the plaintiffs, basing its decision in

144

their favor upon the ground that no special benefits accrued to the property of the plaintiffs, and, second, upon the ground that this matter had already been decided adversely to the defendants.

The pleadings and judgment of the former litigation are not made a part of the record. Some statements of witnesses indicate such former action did involve a similar assessment. The trial court could not take judicial notice of such former action, although in the same court as the instant proceeding. Myers v State, 46 Oh St 473; Burk, Exrx. v McKee et, 30 Oh Ap 236, 238; 15 R. C. L. 1111; 20 Am Juris 105; 17 O. Jur. 66.

It is difficult, therefore, to determine upon what competent or substantial evidence the trial court predicated a conclusion that the issues and parties in the instant case were identical with those of the former action referred to by the plaintiffs, viewing the matter from the standpoint of the plaintiffs. Passing this consideration, however, this matter does not involve a **defense** of res adjudicata.

The plaintiffs claim that the matters which **they** have presented for litigation have been previously adjudicated in their favor by the decree of the same court in which they now seek relief, upon the same issues and involving the same parties, and that the defendants have been by such decree **perpetually enjoined** from enforcing **this assessment.** If such be the case, then what possible force could a decree in this action add to the injunction which the plaintiffs now claim to exist in their favor? Will two injunctions add greater force to the mandate of the trial court? It would seem by this very allegation (which though binding upon them is not proof of the fact) the plaintiffs have denied to themselves further aid of the court which they assert has given them complete relief. It is most startling to find the doctrine of res adjudicata advanced in support of a claim for relief, except possibly as a basis for vexatious litigation.

The plaintiffs further assert that the installation of the lights were of no benefit to their property, and the trial court so found. This court in **City of Cincinnati v Board of Education, etc., 63 Oh Ap 549,** considered at length claims similar to those of the plaintiffs in this action and concluded:

"If substantial evidence existed that special benefits would accrue to the property owner from installing and maintaining these lights in the streets, the fact existed upon which the city's jurisdiction to assess depended, and that jurisdiction existing, no judicial subject would be presented. That is the standard by which the judicial issue is determined.

"Stated in different language, and as frequently stated, the determination of the assessing authorities that special benefits will accrue will not be disturbed by the courts in the absence of a showing of fraud or an abuse of discretion. **36 O. Jur. 1008, §61.** That is, in effect. saying that there was no substantial evidence of special benefits, the presence of which was essential to any power to assess."

The question, therefore, to be considered is whether or not the lights in question were of **any** substantial benefit to the property assessed. It is the claim of the plaintiffs that not only are the lights not beneficial, but they constitute a nuisance, in that light shines into the rear rooms of the houses located on the premises and disturbs the sleep of those seeking to use such rooms for slumber. On the other hand, there is evidence that owing to the presence of a high wall on the rear of such premises, that the area now lighted would be in deep shadow and furnish a convenient hiding place for law violators and criminals, and in many cases would result in the existence of various forms of nuisance. There is also evidence that the steps are lighted.

The burden certainly rests upon the plaintiffs to show the absence of benefit. A review of the record causes us to conclude that in the assumption of this task they have failed, that some substantial benefit has accrued to the property involved and that it is not the function of the Courts to measure such benefits. There was, therefore, "substantial foundation for the action of the City Council in finding that there were special benefits."

The judgment of the Court of Common Pleas is reversed, and judgment will be entered in this Court in favor of the defendants.

MATTHEWS, PJ., concurs.
HAMILTON, J., dissents.