Zimmerman, J.
The sole question this court is now called upon to decide is whether, under Section 486-17a, General Code, an appeal on questions of law and fact may be taken to the Court of Common Pleas from a decision of a municipal civil service commission, thus requiring a trial de novo, or whether under such section the appeal is confined to one on questions of law alone, whereby the court is restricted to reviewing the record brought before it and determining from such record the legality and regularity of the proceedings.
' Section 486-17a, General Code, relates to the removal for enumerated causes of an officer or employee in the classified civil service of the state, a county, a city or city school district from his office or position and the procedure to be followed. That part of the section which is pertinent here reads:
“ * * * Any such employee or subordinate so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or *577 modify the judgment of the appointing authority, and the commission’s decision shall be final; provided, however, that in the case of the removal of a chief of police or chief of the fire department or any member of the police or fire departments of a municipality an appeal may be had from the decision of the municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal.”
It is argued by counsel for Sorge and Kelch that when Section 486-17a, General Code, was enacted in its present form, the word, “appeal,” had a long-established and well-known meaning and application and connoted a hearing de novo. This was recognized by Judge Matthias in the opinion in the case of Kearns v. Sherrill, City Mgr., 137 Ohio St., 468, 30 N. E. (2d), 805, but he pointed out also that the word, ‘ ‘ appeal, ’ ’ used in a statute may not always be given that meaning and must be interpreted in the light of the language which surrounds it. Where such language connotes an appeal limited to an expressed purpose, the word, “appeal,” must be interpreted to conform with the language used.
This same idea was expressed in In re Franklin Film Mfg. Corp., 253 Pa., 422, 426, 98 A., 623, 624, where the court said: “* * * the word ‘appeal’ has no conclusive meaning; * * * therefore it is necessary in each instance to look at the particular act of assembly giving the right of appeal to determine just what powers are .to be exercised by the appellate court.” And in the opinion in In re Examination of Relative Rights to Use of Waters of Deschutes River, 165 Ore., 435, 460, 108 P. (2d), 276, 281, it was remarked: “The word ‘appeal’ has ‘no absolutely fixed and definite meaning, ’ but may be used to denote the review by a court of the action of some board or ad-administrative officer * * *."
*578 In the Sherrill case, supra, near the close of the opinion, Judge Matthias, referring to Section 486-17a, General Code, said: “Had it been intended by the law-making branch of the government that the Common Pleas Court should act as if ‘ sitting as the entire civil service commission and also as the city manager,’ as apparently was assumed by the common pleas judge hearing the appeal, the Legislature undoubtedly 'would have found it possible to employ language conferring such broad power. ’ ’
An examination of Section 486-17a, General Code, discloses that the decision of a civil service commission is final except that “in the case of the removal of a chief of police or chief of the fire department or any member of the police or fire departments of a municipality an appeal may be had from.the decision of the municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal.”
By the statute, members of police and fire departments are, as to a right of appeal, given a preferred status over all others in the classified civil service, and the word, “appeal,” should not be broadened or enlarged beyond the language used by the General Assembly in the statute.
Section 4, Article IV of the Constitution of Ohio, expressly provides that “the jurisdiction of the Courts of Common Pleas * * * shall be fixed by law. ’ ’ Consequently, neither the Court of Common Pleas nor any other court possesses the power to extend or expand such jurisdiction beyond that prescribed by law.
It seems to us that where the right to appeal to the Court of Common Pleas is given only to this preferred class and the court on the appeal is expressly limited to determining “the sufficiency of the cause of removal,” the quoted words should be interpreted to mean just what they say. To us that meaning is that *579 the court is to examine the record of the proceedings before the civil service commission and determine therefrom the regularity and legality of those proceedings, and the sufficiency of the cause of removal as disclosed by the record. See State, ex rel. Harris, Chief of Police, v. Haynes, Mayor, 157 Ohio St., 214, 105 N. E. (2d), 53. This, of course, embraces a review and not a trial de novo. It is to be remembered that when the matter arrives in the Court of Common Pleas the alleged offender has already had two determinations on the facts. Compare Hawkins v. City of Steubenville, 134 Ohio St., 468, 17 N. E. (2d), 641, wherein it was held that on an appeal under Section 486-17o, General Code, the Court of Common Pleas is confined “to the rendition of a judgment of affirmance or disaffirmance in toto, and the court is without authority to modify the same.” Although in neither the Hawkins nor the Sherrill cases did this court directly decide the exact question now presented, there is language in the opinions of both cases which supports the conclusions we have reached in the instant controversy.
The Court of Appeals of the First Appellate District in the case of Kearns v. Sherrill, City Mgr., 63 Ohio App., 533, 541, 27 N. E. (2d), 407, 411, considered, the same problem we now have, and we are in agreement with the following language used in the opinion in that case:
“* * * we hold that the language of Section 486-17a, General Code, must be construed to confer upon that court jurisdiction to review the proceedings of the civil service commission to determine whether it had exercised the authority conferred upon it in accordance with the statutes, and whether due process of law and other constitutional safeguards had been observed, thereby excluding from the review the administrative discretion exercised by the appointing officer and the civil service commission.”
*580 If there should he. a change in what to us is the obvious and intended meaning of Section 486-17a, General Code, as it relates to an appeal to the Court of Common Pleas, the General Assembly is the agency to deal with the matter.
It follows that the judgments of the Court of Appeals must be, and they are, reversed and the causes are remanded to that court to review the judgments of the Court of Common Pleas on their merits.

Judgments reversed.

Weygandt, C. J., Middleton, Taet, Matthias, Hart and Stewart, JJ., concur.