CITY OF DAYTON *v.* STRAUSBAUGH.

(No. 84 TRD 164—Decided
January 20, 1984.)

Dayton Municipal Court,
Traffic Division.

*Mr. Robert Burke,* for plaintiff.
*Ms. Theresa G. Haire,* for defendant.

MERZ. J. This case is before the court upon defendant's motion to bar court from action in compliance with Am. Sub. S. B. No. 250. He claims that Act violates the Ohio and federal Constitutions.

The court agrees that several features of this new legislation violate the Ohio Constitution and must be declared void. However, since the legislative purpose of the Act can be completely accomplished without the unconstitutional features, they can be severed from the balance of this legislation, which the court can then appropriately implement.

Opinion

An appropriate respect for the legislative will and public understanding requires a full exposition of the court's reasoning.

The Statutory Provisions in Question

The Act in question, Am. Sub. S. B. No. 250, became effective January 1, 1984. Its purpose is legislatively stated:

"* * * to encourage the maintenance of proof of financial responsibility with respect to the operation of motor vehicles on the highways of this state, so as to minimize those situations in which persons are not compensated for injuries and damages sustained in motor vehicle accidents. * * *" (R.C. 4509.101[J].)

To that end, the statute prohibits operating a motor vehicle in Ohio without proof of financial responsibility. R.C. 4509.101(A). To enforce this prohibition, any person charged with a traffic offense which requires a court appearance is to present proof of financial responsibility at the time of that appearance. Defendant is charged with two counts of driving under suspension and one count of driving without being licensed. These charges require a court appearance under Traf. R. 13(B) and, thus, defendant is required to present proof of financial responsibility.

If defendant cannot present the required proof, the court will be required to impound his certificate of registration and license plates and suspend his operator's license for ninety days. R.C. 4509.101 (B)(1).

Constitutional Violations

This statute offends the Ohio Constitution by making this order of impoundment or suspension a non-judicial act. It provides:

"The court's order of suspension or impoundment under division (B)(1) of this section is deemed an administrative act of the court on behalf of the registrar." (R.C. 4509.101[B][6].)

The constitutional violation is compounded by attempting to give the Registrar of Motor Vehicles power to hear appeals from these orders. R.C. 4509.101(B)(6) continues:

"Any person adversely affected by such order who has presented proof of financial responsibility to the court may, within ten days after the issuance of the order, appeal from that order to the registrar. * * *"

Thus, the constitutional violations in this scheme are twofold: judges are ordered to perform non-judicial acts and an executive officer, the Registrar of Motor Vehicles, is given judicial power — appellate jurisdiction over the acts of judges.

Separation of Powers Doctrine

The separation of powers doctrine — the notion that sovereign power is divided by constitution among the legislative, executive, and judicial branches which may not encroach on one another's authority — was taken as fundamental by the Founding Fathers. The idea was borrowed from Montesquieu and was regarded as essential to personal liberty:

"For I agree, that 'there is no liberty, if the power of judging be not separated from the legislative and executive powers.' " Hamilton, The Federalist (1788), No. 78 quoting from 1 The Spirit of the Laws 186.

The doctrine of judicial independence, embraced within separation of powers, is an even more ancient inheritance of our constitutional tradition. Throughout the seventeenth century in England, the judiciary fought, under the leadership and example of Sir Edward Coke, to be free of the king's interference in deciding cases. Life tenure of judges was a principal fruit of the Glorious Revolution of 1688 and was carried forward into our own federal Constitution as a principal guarantee of judicial independence. See The Federalist, No. 78, *supra*.

Despite much experimentation in the science of government, separation of powers remains a firm tenet of our constitutional law. The Ohio Constitution firmly embodies the principle, *Knapp* v. *Thomas* (1883), 39 Ohio St. 377, including the notion that the grant of general powers to one branch constitutes an implied exclusion of other branches from exercising those powers. *Fairview* v. *Giffee,* (1905), 73 Ohio St. 183. Every state in the Union has adopted and adhered to these principles. Cooley, A Treatise on the Constitutional Limitations (1868, Photo. Reprint 1972) 87.

Section 1, Article IV of the Ohio Constitution provides:

"The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas and divisions thereof, and such other courts inferior to the supreme court as may from time to time be established by law."

Section 5, Article III provides:

"The supreme executive power of this state shall be vested in the governor."

Because of the separation of powers doctrine, the General Assembly cannot confer on one branch powers that belong to another. *State, ex. rel. Montgomery,* v. *Rogers* (1905), 71 Ohio St. 203.

Let us examine, then, the duties imposed on judges by R.C. 4509.101. They are to receive proof of financial responsibility tendered by those subject to the Act. They are to determine if the proof meets the statutory requirements. If no proof is tendered, or the proof is inadequate, they are to issue a suspension and impoundment order.

Nothing in these actions themselves makes them non-judicial. The judicial process regularly encompasses receiving evidence, weighing evidence to make findings of fact, and making orders based on those findings. Thus, Am. Sub. S.B. No. 250 would be completely unexceptionable in the duties it imposed on judges *if it permitted judges to perform those duties as judges*. The legislature has frequently im-

posed such duties on judges. In the motor vehicle area alone, judges suspend operators' licenses upon a finding of recklessness (R.C. 4507.34), or upon conviction of certain offenses (R.C. 4507.16). On appeal from the registrar, judges suspend or reinstate licenses under the points law (R.C. 4507.40), and the implied consent law (R.C. 4511.191).

The constitutional infirmity with R.C. 4509.101(B)(6) is that judges perform duties under it as "administrative act[s] of the court on behalf of the registrar." This section interferes fundamentally with judicial independence. Inferentially, it may make judges subject to regulation by the registrar in the way they perform those duties. By clear implication, the impoundment and suspension orders are not judicial acts and, thus, are not enforceable by the court's contempt power if disobeyed. Other administrative duties performed by municipal court judges, *e.g.* hiring personnel, submitting budgets, and so forth, are ancillary to their judicial function.

The Ohio courts have recognized that non-judicial duties cannot be imposed on judges. *Thompson* v. *Redington* (1915), 92 Ohio St. 101; *Kearns* v. *Sherrill* (1940), 63 Ohio App. 533 [17 O.O. 267], affirmed (1940), 137 Ohio St. 468 [19 O.O. 157]; *Cincinnati* v. *Bd. of Edn.* (1940), 63 Ohio App. 549 [20 O.O. 50].

R.C. 4509.101(B)(6) not only confers non-judicial powers on the courts, it also confers judicial power on an executive officer: appellate jurisdiction of impoundment and suspension orders is given to the registrar. This feature also violates the separation of powers doctrine. In *State, ex rel. Shafer,* v. *Otter* (1922), 106 Ohio St. 415, paragraph four of the syllabus, the Supreme Court invalidated a statute giving the ditch commission appellate jurisdiction over common pleas court decisions on ditch projects on grounds it violated Section 1, Article IV of the Ohio Constitution. See, also, *State, ex rel.,* v. *Guilbert* (1897), 56 Ohio St. 575.

The state's efforts to save these provisions are unavailing. Their memorandum appeals to the general proposition of law that the boundaries between the three branches cannot be made watertight or crystal clear. That general point is unexceptionable; but if the principle is not violated in this case, it has ceased to be a viable principle of constitutional law.

### Separability of Void Provisions

When the valid portions of a statute can be enforced without the invalid portions, the whole statute should not be declared void. *Fleischman* v. *Flowers* (1971), 25 Ohio St. 2d 131 [54 O.O.2d 265]; *Emmons* v. *Keller* (1970), 21 Ohio St. 2d 48 [50 O.O. 2d 90]; 2 Sutherland, Statutory Construction (4 Ed. Sands Ed. 1973), Chapter 44. This rule is an appropriate canon of judicial restraint and respect for the legislative function. The legislature itself has expressed its will that invalid portions be separated when possible. R.C. 1.50.

### Judgment

It is the judgment of this court that R.C. 4509.101(B)(6) violates Section 1, Article IV of the Ohio Constitution and is therefore void. (The invalid provisions occur in the first two sentences, but the balance of the section prescribes procedure on appeal to the registrar.) Since the court may proceed as a court, without the invalidated provisions, to consider defendant's compliance with the law, the motion to bar court from action in compliance with Am. Sub. S.B. No. 250 is overruled. The Fifth Amendment questions are not ripe for decison as yet.

*Motion overruled.*