CITY OF GARFIELD HEIGHTS, APPELLEE, *v.* ANDRADE, APPELLANT.

(Nos. 48216 and 48217—Decided December 3, 1984.)

*Gregory Rowinski* and *Gerald P. Stachewicz,* for appellee.

*Brad Van Auken* and *Stanley Josselson,* for appellant.

CORRIGAN, C.J. On January 6, 1984, appellant Ricardo B. Andrade was cited by the Garfield Heights Police Department with displaying fictitious license plates and running a red light in violation of Sections 335.07 and 313.03 of the Codified Ordinances of Garfield Heights. The appellant appeared in the Garfield Heights Municipal Court on January 17, 1984. At that time, the court required the appellant to provide proof of financial responsibility pursuant to R.C. 4509.101(B)(1). Because the appellant failed to provide that proof, his driver's license was suspended pursuant to the aforementioned statute. On January 23, 1984, the appellant filed a motion with the court to dismiss the order of suspension. On February 1, 1984, that motion was overrruled. The appellant is now before this court assigning the following errors:

"I. The trial court erred in overruling appellant's motion to dismiss the within action.

"II. The trial court's order suspending appellant's driving privileges pursuant to Ohio Revised Code sections 4509.101(B)(1)(b) and (B)(6) is void as an unconstitutional exercise of non-judicial power."

I

The two assignments of error will be addressed jointly as they involve the same basic issue. That issue is whether the trial court's order of suspension was lawful if the statute under which it was exercised is unconstitutional. The appellant is specifically challenging the constitutionality of R.C. 4509.101(B)(1) and (B)(6), which became effective January 1, 1984. Those divisions provide in relevant part:

"(B)(1) A defendant, who is charged with a traffic offense that requires an appearance in court, shall present the court at the time of his appearance or subsequent appearance with proof of financial responsibility covering the operation of the vehicle at the time of the offense in accordance with this section. The court shall, for good cause shown, allow the defendant a continuance of the proceedings for such period of time as the court considers appropriate to permit the defendant to obtain and present to the court the proof of financial responsibility required under this section. If, as the result of the defendant's failure to show such proof of financial responsibility at his appearance or subsequent appearance, the court determines that the defendant has violated division (A) of this section, the court shall do all of the following:

"(a) Order the impoundment of the certificate of registration and registration plates of the motor vehicle involved in the traffic offense, if the defendant is the owner of the motor vehicle;

"(b) Order the suspension for ninety days of the license of the defendant;

"(c) Impose court costs, to be paid by the defendant in an amount not to exceed fifteen dollars;

"(d) Retain any proof of financial responsibility presented to the court by the defendant as a part of the record in the case and forward it to the registrar of motor vehicles if the defendant perfects an appeal to the registrar under division (B)(6) of this section.

"* * *

"(6) The court's order of suspension or impoundment under division (B)(1) of this section is deemed an administrative act of the court on behalf of the registrar. Any person adversely affected by such order who has presented proof of financial responsibility to the court may, within ten days after the issuance of the order, appeal from that order to the registrar, who shall provide such person with an opportunity for an administrative hearing in accordance with this paragraph. * * *"

The appellant alleges that these divisions are unconstitutional because they violate the doctrine of separation of

306

powers. Non-judicial powers are conferred on the courts while judicial powers are conferred on the Registrar of Motor Vehicles. While one court has held R.C. 4509.101(B)(6) unconstitutional, *Dayton* v. *Strausbaugh* (1984), 10 Ohio Misc. 2d 29, at least one other court has held both R.C. 4509.101(B)(1) and (B)(6) unconstitutional, *Bur. of Motor Vehicles* v. *Hill* (1984), 12 Ohio Misc. 2d 7. We agree with both of the above decisions in the finding that R.C. 4509.101(B)(6) is unconstitutional as it clearly violates the separation of powers doctrine. We are in further agreement with the *Hill* court that division (B)(1) is unconstitutional as well. While the acts outlined in division (B)(1) are not, on their face, non-judicial, the fact that division (B)(6) specifically states that they are deemed administrative acts on behalf of the registar renders them void. Thus, the appellant's main contention is well- taken.

The suspension of the appellant's driver's license was to last, pursuant to R.C. 4509.101(B)(1)(b), for ninety days. Therefore, his suspension should have been lifted approximately six months ago. However, as the license was suspended under an unconstitutional statute, the appellant is clearly entitled to have any notation of the suspension stricken from his driving record.

Finally, it should be noted that the legislature has seen fit to amend R.C. 4509.101 and has completely eliminated division (B)(6) from the statute. Such action should preclude any future challenges to the constitutionality of the statute on the grounds advanced herein.

Accordingly, the judgment of the trial court is reversed, and judgment is entered for the appellant.

*Judgment reversed.*

PARRINO and NAHRA, JJ., concur.