CITY OF COLUMBUS, APPELLANT, *v.* ANDERSON, APPELLEE.
CITY OF COLUMBUS, APPELLANT, *v.* GRIFFIN, APPELLEE.
CITY OF COLUMBUS, APPELLANT, *v.* CARPENTER, APPELLEE.

(Nos. 84AP-08 through -15 — Decided July 25, 1985.)

*Gregory S. Lashutka,* city attorney, and *Ronald J. O'Brien,* city prosecutor, for appellant.

*James Kura,* county public defender, *Gloria Eyerly, F. Richard Curtner* and *Sharon Pfancuff,* for appellees Raymond Anderson, William Griffin and Ronnie Carpenter.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Barbara A. Serve,* urging reversal for *amicus curiae* Ohio Registrar of Motor Vehicles.

STILLMAN, J. This is an appeal from a judgment of the Franklin County Municipal Court finding former R.C. 4509.101 unconstitutional.

Former R.C. 4509.101 required the court in a traffic case to determine whether the defendant had met the requirements of the Financial Responsibility Act as established by Am. Sub. S.B. No. 250. If the court found there was no compliance, it was required under R.C. 4509.101(B)(1) to impose certain sanctions, including a ninety-day license suspension, impoundment of registration and plates, and notice by the court to the Registrar of Motor Vehicles concerning the court's actions.

Each of the three appellees was arrested for traffic violations requiring a court appearance scheduled for January 3, 1984. At that arraignment hearing, the appellant requested that the court determine whether the appellees complied with the Financial Responsibility Act and to impose the sanctions of R.C. 4509.101(B)(1) if they had not.

The trial court denied appellant's motion and found that R.C. 4509.101 was unconstitutional, based on the separation of powers doctrine, in that it required the judiciary to perform an administrative act in the capacity of an agent of the Registrar of Motor Vehicles.

The appellant filed a motion for leave to appeal, which was granted by this court on March 22, 1984. In our decision granting leave to appeal, we held that the judicial inquiry concerning the temporary suspension of driving privileges was a special proceeding and was therefore a final appealable order, based on *Columbus* v. *Adams* (June 14, 1983), No. 83AP-305, unreported. Although *Columbus* v. *Adams* was subsequently overruled by the Ohio Supreme Court, at (1984), 10 Ohio St. 3d 57, that issue is not before us.

Following the trial court's decision in the instant case, along with two other Ohio municipal court decisions finding the statute in question unconstitutional, the General Assembly amended R.C. 4509.101, in Am. Sub. H.B. No. 767 effective August 1, 1984, to cure the constitutional defects. On June 6, 1984, the appellees filed a motion to dismiss the instant appeal, citing the new law and the termination of the individual cases by final judgments as the basis for their contention that the issue raised by appellant was moot. The motion to dismiss is herein denied. Although the new law prevents this issue from arising in the future, it does not apply to the individuals in this case. Section 4 of Am. Sub. H.B No. 767.

Appellant's sole assignment of error is:

"The trial court was in error by denying the appellant's motion to enforce Section 4509.101, Ohio Revised Code, and in finding that state law to be unconstitutional on its face, void, invalid, and unenforceable due to an alleged violation of the separation of powers doctrine of constitutional law."

Although the trial court found the entire statute unconstitutional, it is not clear from the court's judgment entry exactly which section of R.C. 4509.101 it found offensive. Both appellant's and appellees' briefs, however, address R.C. 4509.101(B)(6) as the basis for the finding of unconstitutionality.

R.C. 4509.101(B)(6) provided:

"The court's order of suspension or impoundment under division (B)(1) of this section is deemed an administrative act of the court on behalf of the registrar. Any person adversely affected by such order who has presented proof of financial responsibility to the court may, within ten days after the issuance of the order, appeal from that order to the registrar, who shall provide such person with an opportunity for an administrative hearing in accordance with this paragraph."

The claimed constitutional violations are twofold. First, R.C. 4509.101(B)(6) violates the doctrine of separation of powers in that it requires judges to perform nonjudicial acts and, second, it grants appellate jurisdiction to the executive branch (the Registrar of Motor Vehicles).

The separation of powers doctrine is a fundamental principle in both the federal and state Constitutions. Although there is no explicit provision in the Ohio Constitution, there is no doubt that the principle is implied by the distribution of powers to the three branches of government. The Ohio Supreme Court, in *State, ex rel. Montgomery,* v. *Rogers* (1905), 71 Ohio St. 203, at 216-217, stated:

" * * * [T]he fact that these governmental powers have been severally distributed by the constitution to the legislative, executive and judicial departments of our state government, clearly evidences a purpose that the powers and duties of each, shall be separate from and independent of the powers and duties of the other co-

ordinate branches, and the distribution so made to the several departments, by clear implication operates as a limitation upon and a prohibition of the right to confer or impose upon either powers that belong distinctively to one of the other co-ordinate branches. * * * "

Thus, the separation of powers doctrine prohibits the General Assembly from conferring on one branch powers that belong to another.

Section 1, Article IV, of the Ohio Constitution provides:

"The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas and divisions thereof, and such other courts inferior to the supreme court as may from time to time be established by law."

Absent an express constitutional provision, the general provision vesting only judicial power in the courts created by the Constitution must be observed. *Kearns* v. *Sherrill* (1940), 63 Ohio App. 533 [17 O.O. 267], affirmed (1940), 137 Ohio St. 468. R.C. 4509.101(B)(6) violates this fundamental principle by explicitly stating that the court's order under division (B)(1) "is deemed an administrative act of the court on behalf of the registrar." We cannot ignore the clear meaning of these words. The General Assembly attempted to confer powers on the judiciary which clearly belong to the executive branch. We agree with the court's findings in *Dayton* v. *Strausbaugh* (1984), 10 Ohio Misc. 2d 29, that nothing in the duties imposed on judges by R.C. 4509.101 (B)(1) is nonjudicial in itself. We recognize that a statute may give a court discretion, as part of a sentence after a judicial finding of a violation of law, to suspend a driver's license. See R.C. 4507.34; 4507.16. However, R.C. 4509.101 does not require a judicial finding of a violation of law, nor is it a matter of the court's discretion. It requires the court to determine whether a person complied with the Financial Responsibil-ity Act and, if not, imposes a duty on the court to order a license suspension. In effect, it makes the judge the agent of the registrar of an administrative agency. *State* v. *Snyder* (Mar. 2, 1984), Hamilton Cty. M.C. No. 84-TRC-003409A, unreported. R.C. 4509.101 (B)(6) violates the Constitution further by conferring appellate jurisdiction on an administrative agency. Section 3, Article IV, Ohio Constitution provides that the courts of appeals have jurisdiction to review judgments of municipal courts. By allowing an administrative agency to exercise judicial power which has clearly been reserved to the courts, former R.C. 4509.101 violated the separation of powers doctrine and must be found unconstitutional. *State, ex rel. Shafer,* v. *Otter* (1922), 106 Ohio St. 415.

Appellant also argues that the trial court erred in failing to sever those parts of the statute it considered unconstitutional. It is difficult to address this argument since it is not clear from the trial court's judgment entry which sections of R.C. 4509.101 it found offensive. We assume that appellant points to severability as a way to save R.C. 4509.101(B)(1), while discarding R.C. 4509.101(B)(6) so that on remand appellees' drivers' licenses might still be suspended by the court.

R.C. 1.50 codifies the general rule that allows for severability of code sections which are found to be invalid or unconstitutional. The significant elements in determining severability are whether the sections are interdependent and the one is capable of being executed without the other in accordance with the apparent legislative intent. *Bowles* v. *State* (1881), 37 Ohio St. 35; *State, ex rel. Herbert,* v. *Ferguson* (1944), 142 Ohio St. 496 [27 O.O. 415].

We do not feel that by striking R.C. 4509.101(B)(6) the constitutional defects of the statute are completely cured. Other courts have found other sections of the former statute unconstitutional. *State* v. *Snyder, supra; Garfield Heights*

v. *Andrade* (Nov. 21, 1984), Cuyahoga App. No. 48216, unreported. Furthermore, Am. Sub. H.B. No. 767, which amended former R.C. 4509.101, was a major revision of several sections of the statute. For these reasons, we find that the trial court did not err in holding R.C. 4509.101 unconstitutional. The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed;*
*motion to dismiss overruled.*

McCORMAC, J., concurs.

WHITESIDE, J., dissents in part.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

WHITESIDE, J., dissenting in part. Inasmuch as I feel that the motion to dismiss should be sustained, I must respectfully dissent, although, if the issue were properly before us, I would concur in the majority opinion upon the constitutional issue.

At the outset, I would find that this court improvidently allowed the city's motion for leave to appeal for essentially the reasons stated in my partial concurrence and partial dissent to the decision allowing leave to appeal. Additionally, however, upon further reflection, I would find that the order appealed from is not a final appealable order and reconsider the position expressed in my concurring and dissenting opinion to the decision upon the motion to dismiss.

Appeals are permissible only from final appealable orders entered by a court. Here, for the very reasons expressed in the majority opinion, the action of the trial court was not a judicial act but, instead, was merely a refusal on the part of the trial court to perform an administrative act as an agent of the Registrar of Motor Vehicles. As R.C.

4509.101(B)(6) expressly provided, "the court's order * * * is deemed an administrative act of the court on behalf of the registrar." Accordingly, not being a judicial act or judicial final appealable order, no appeal is appropriate from such order. Rather, as that section expressly provides, the appeal from the act of the court would be to the registrar himself, rather than to this court. Accordingly, under R.C. 4509.101(B)(6), if it were constitutional, there could be no appeal to a court of appeals but, instead, the appeal would be to the Registrar of Motor Vehicles pursuant to the express language of that section as set forth in the majority opinion. Whether there could be an administrative appeal to the court of common pleas is not an issue before us. In any event, there is no statutory provision for an appeal to this court from the alleged administrative act of the court acting on behalf of the Registrar of Motor Vehicles under R.C. 4509.101(B)(6). Here, there is not even such an order but, instead, a refusal by the court to perform the administrative duty imposed upon it by that section, which the majority herein finds to be unconstitutional.

Additionally, it is difficult to find any justification for the city of Columbus, or the Columbus City Prosecutor, being a party entitled to appeal even if there were an administrative order by the trial court under R.C. 4509.101 (B)(6). The city itself is not a party to these proceedings, although it is a party to the basic underlying criminal proceedings. It is difficult to conceive of any proper basis for the city of Columbus having standing to appeal from an order of any nature pursuant to R.C. 4509.101.

The third reason why we should dismiss this appeal is because the statute has been repealed and replaced by a new statute not containing the repugnant unconstitutional language, coupled with an express legislative determination that the new law, rather than the former law,

applied to pending proceedings and has retrospective application. Section 4 of the Act (Am. Sub. H. B. No. 767) amending R.C. 4509.101 effective August 1, 1984, expressly provides that the amended Act applies to offenses occurring before the effective date of the Act, even though charges were filed before the effective date. Accordingly, if we had jurisdiction to, and did, reverse the finding of the trial court, no effective remedy could be given since it is impossible to remand the case to the trial court with instructions to comply with the statute, a new statute now being in effect requiring action only as part of the disposition of a criminal case in which a defendant either has pled or been found guilty of a traffic offense.

Under the former Act, former R.C. 4509.101(B), not only did the court act as an agent of the registrar in ordering a suspension, but the court's action was subject to review upon appeal by the registrar. Clearly, this was a nonjudicial act since judicial acts of a court cannot be reviewed upon appeal by an administrative agency. However, not being a judicial act, the refusal of the trial court to enter an order of suspension cannot constitute a final appealable order, but such action could be compelled by a mandamus if there were a clear legal duty to perform the administrative act on the part of the trial court. In any event, the amendment to R.C. 4509.101 has rendered the issues moot since no effective remedy could be given by this court if we were to agree with the appellant that the trial court had a duty to perform the administrative act on behalf of the registrar, which former R.C. 4509.101 attempts to impose upon the trial court.

Accordingly, I would sustain the motion to dismiss and dismiss this appeal, finding that we have no jurisdiction over the issues presented under the circumstances herein. Nevertheless, if we had jurisdiction to proceed, I would concur in the majority opinion upon the merits of the appeal.