Matthias, J.
 

 The charges against police officer Kearns which originated this proceeding were based upon the provisions of Section 486-17», General Code, wherein are enumerated the causes for which any officer, employee or subordinate in the classified service may be removed. One of the specified grounds therein stated is drunkenness. Following the specified canses is the more general provision, “or any other acts of misfeasance, malfeasance or nonfeasance in office.”
 

 The reasons assigned for the discharge of Kearns and which were set out in his notice thereof were: “Conduct unbecoming a patrolman: (1) Sleeping while on duty and failing to properly patrol your beat; (2) being under the influence of liquor while in uniform and on duty.” The notice then specified the time, place and other facts in detail relativfe to the charges.
 

 Section 486-17», General Code, provides the procedure governing the action of the appointing authority and enumerates the rights of the discharged officer in regard thereto. Those rights were fully protected and safeguarded. Upon hearing, the civil service commission, pursuant to the authority conferred upon it by statute providing that “it may affirm, disaffirm or modify the judgment of the appointing authority,” affirmed the action of the city manager.
 

 It is to be observed that, by the provisions of the statute referred to, authority is expressly conferred upon the appointing official to remove any officer found guilty of conduct which the statute prescribes as a cause for removal. Full authority is conferred upon the civil service commission, upon appeal to it by tbe officer against whom such order of removal is made, to determine whether such officer should be dis
 
 *471
 
 charged, whether some lesser punishment should be administered, such as suspension for a definite or indefinite period or a reprimand, or whether he should be completely exonerated.
 

 Except as to certain officers, the decision of the civil service commission, whether it be an affirmance, disaffirmance or modification of the action of the appointing authority, is final. However, upon members of the police and fire departments of a municipality a further right is conferred by the provisions of Section 486-17o, General Code. In the case of a removal from such position, it is provided that “an appeal may be had from the decision of the municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal.” An additional safeguard is thus provided members of the police and fire departments. In this case, the discharged officer availed himself of this provision-
 

 When Section 486-17o, General Code, was enacted in its present form, the word “appeal” had a long-established and well-known meaning and application. It connoted a hearing
 
 de novo,
 
 but in this instance with the limitation upon the jurisdiction of the court clearly expressed. Though not in strict accord with the method prescribed by Section 12223-4, General Code, notice was given the members of the commission and the city manager within the prescribed time by summons duly served and the court had jurisdiction of the appeal in this case.
 

 We are in accord with the view expressed in the case of
 
 Landrey
 
 v.
 
 Harmon, Mayor, supra.
 
 The jurisdiction conferred upon the Court of Common Pleas by Section 486-17o, General Code, is .special and limited. The court has power only “to determine the sufficiency of the cause of removal.” The cause of removal in the instant case was sleeping while on duty and failing to properly patrol the officer’s beat and being
 
 *472
 
 under the influence of liquor while in uniform and on duty.- Concededly, however, the same evidence was introduced in the hearing in the Common Pleas Court as had been introduced at the hearing before the commission. The cause of the removal of Kearns as a police officer was one of the causes enumerated in, and for which removal is specifically authorized by, the statute.
 

 The civil service commission upon hearing found the charge fully sustained and, pursuant to the power vested in it by statute, approved and affirmed the action of removal. The Common Pleas Court has only such jurisdiction as is conferred by statute.
 
 Mattone
 
 v.
 
 Argentina,
 
 123 Ohio St., 393, 175 N. E., 603. The limitation upon the court’s jurisdiction is manifest by comparison of the language employed in Section 486-17a, Greneral Code, conferring authority upon the civil service commission to “affirm, disaffirm or modify the judgment of the appointing authority,” and that conferring upon the Court of Common Pleas jurisdiction “to determine the sufficiency of the cause of removal.”
 

 Had it been intended by the law-making branch of the government that the Common Pleas Court should act as if “sitting- as the entire civil service commission and also as the city manager,” as apparently was assumed by the common pleas judge hearing the appeal, the Legislature undoubtedly would have found it possible to employ language conferring such broad power. The cause of removal, sleeping while on duty, failing to properly patrol his beat and being under the influence of liquor while in uniform and on duty, was found by the Common Pleas Court to have been established by the evidence. Its findings were made a part of the bill of exceptions. The court, however, indicated an opinion, based upon considerations the validity of which may well be questioned, that the penalty of discharge was too severe, and expressed a
 
 *473
 
 desire to extend leniency through some form of modification of the penalty imposed by the civil service commission. However, being precluded therefrom by the holding of this court in the case of
 
 Hawkins
 
 v.
 
 City of Steubenville,
 
 134 Ohio St., 468, 17 N. E. (2d), 641, the trial court concluded to disaffirm entirely the order of the civil service commission on the ground that ‘ ‘ there was not sufficient cause for the removal of William H. Kearns from his position as patrolman,” and rather arbitrarily ordered his restoration to his position as of the date of his discharge, which constitutes a complete exoneration.
 

 The judgment announced is entirely unwarranted by the facts established by the evidence and found by the court. It was properly reversed by the Court of Appeals, and its judgment of reversal is affirmed.
 

 tJudgment
 
 affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Turner, Williams and Hart, JJ., concur.