Lamneck, J.
Section 486-17a, General Code (Section 143.27, Revised Code), gives a police officer the right of appeal to the Court of Common Pleas from a decision of a civil service commission affirming his removal. There is no specific statutory authority for such an appeal from a decision of a civil service commission ordering a demotion of a police officer instead of removal. For the purpose of this case we shall consider the order of demotion equivalent to an order of removal.
The city’s assignments of error in its appeal to this court may be briefly summarized as follows:
1. The Court of Appeals erred in holding that the Court of Common Pleas has jurisdiction to try de novo an appeal of a police officer from a decision of a civil service commission.
2. The Court of Appeals erred in holding that in such an appeal the Court of Common Pleas can substitute its judgment as to the facts for that of a civil service commission.
At the beginning of the hearing before the Court of Common Pleas, the city filed the following motion:
“Now comes the city of Canton, Ohio, and respectfully moves the court, that the appeal of Walter P. Koellner herein be dismissed for the reason that this court had no jurisdiction to hear the same. ’ ’
The court overruled this motion and exceptions were noted.
One of the assignments of error in the Court of Appeals was:
“That the trial court substituted its judgment for that of the civil service commission.”
That assignment of error was consistent with the motion to dismiss in the Court of Common Pleas and clearly indicates that the city was maintaining its objection to a hearing de novo in the Court of Common Pleas, not only in the Court of Common Pleas but also *507 in the Court of Appeals. The city is making the same contention in this court.
Koellner contends that the city invited error because it participated and joined in a trial de novo in the Court of Common Pleas, and that it cannot now complain that the hearing de novo constituted prejudicial error. In view of the city’s motion to dismiss filed in the Court of Common Pleas at the beginning of the hearing in that court, the overruling of such motion, and the city’s assignments of error in the Court of Appeals and in this court, we find no merit in this contention.
It is fundamental that jurisdiction of the subject matter cannot be conferred on a court by agreement. Where a court has no jurisdiction of the subject matter of a case, the question of its jurisdiction may properly be raised at any stage and may properly be raised for the first time in an appeal on questions of law. See Baltimore & Ohio Rd. Co. v. Hollenberger, 76 Ohio St., 177, 81 N. E., 184.
Did the hearing de novo of this case in the Court of Common Pleas constitute prejudicial error?
Under Section 486-17a, General Code (Section 143.27, Eevised Code), it is provided that a police officer may appeal “from the decision of the municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal.”.
This court held in Sorge v. Sutton, Jr., Dir., 159 Ohio St., 574, 113 N. E. (2d), 10, that the phrase, “to determine the sufficiency of the cause of removal,” contemplates only a review of the proceeding before the commission to determine its legality and regularity and the sufficiency of the cause of removal, and not a trial de novo. See, also, Kearns v. Sherrill, City Mgr., 137 Ohio St., 468, 30 N. E. (2d), 805.
It, therefore, follows that both the Court of Com *508 mon Pleas and the Court of Appeals erred in holding that Koellner was entitled to a hearing de novo before the Court of Common Pleas. Since we are holding that the Court of Common Pleas should have limited its consideration of this case to a question of law “to determine the sufficiency of the cause of removal,” the question now arises whether there was such a lack of evidence in the hearing before the civil service commission, supporting its decision, that the Court of Common Pleas was justified in reversing as a matter of law the decision of the civil service commission.
The undisputed evidence before the civil service commission discloses that Ferruccio was driving a Cadillac car on Cherry street in the city of Canton in the early morning hours of April 22, 1952. Two police officers who were on duty in a police cruiser observed the Cadillac car driven by Ferruccio go through two red traffic lights at a speed of approximately from 60 to 65 miles an hour. The two .police officers then pursued Ferruccio and stopped him. He was then taken in the police cruiser to the police station.
At police headquarters there was a discussion during the early morning hours of April 22, 1952, between Koellner and the two police officers over the apprehension and detention of Ferruccio. The two police officers testified to the effect that Koellner persuaded them not to file charges against Ferruccio and to release him because he was a man of power and influence and it would be better to have him as a friend than an enemy.
Koellner denied that he had dissuaded the officers from doing their legal duty; and contended that he finally told them, “it’s up to you.” Ferruccio was released and no charges were filed against him.
The civil service commission found that Koellner’s conduct constituted gross neglect of duty and was subversive to the good order and discipline of the police *509 department. Under rule 4, section 21 of the manual of the police rules of the city of Canton, captains of police, while on duty, are responsible for the enforcement of laws and ordinances of which the police department takes cognizance and for the general good order of the city.
The evidence in the record of the hearing before the civil service commission was sufficient to justify the commission in finding that Koellner was responsible for the release of a supposedly influential individual, and that this constituted gross neglect of duty.
In the hearing on appeal before the Court of Common Pleas, that court, under the evidence presented to the civil service commission, could not as a matter of law substitute its interpretation of such evidence for that of the commission.
The judgment of the Court of Appeals, affirming the judgment of the Court of Gommon Pleas, is reversed, and the decision of the civil service commission is affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Zimmerman and Stewart, JJ., concur.
Hart, J., not participating.