SAMUEL MAHELONA MEMORIAL HOSPITAL AND ITS APPOINTING AUTHORITY, PETER KIM, M.D., HOSPITAL SUPERINTENDENT *v.* COUNTY OF KAUAI CIVIL SERVICE COMMISSION, STATE OF HAWAII, AND FLORENCE S. CUMMINGS.

No. 4246.

SAMUEL MAHELONA MEMORIAL HOSPITAL *v.* COUNTY OF KAUAI CIVIL SERVICE COMMISSION, STATE OF HAWAII, AND FLORENCE S. CUMMINGS.

No. 4265.

DECEMBER 17, 1962.

TSUKIYAMA, C.J., CASSIDY, WIRTZ, JJ., CIRCUIT JUDGE
HAWKINS, IN PLACE OF LEWIS, J., DISQUALIFIED,
AND CIRCUIT JUDGE JAMIESON, IN PLACE OF
MIZUHA, J., DISQUALIFIED.

*Per Curiam.* This matter initially arose out of the dismissal, effective April 10, 1959, of Florence S. Cummings, an employee of Samuel Mahelona Memorial Hospital, one of the appellees herein, by the appointing authority of the hospital, appellants herein, purportedly under the provisions of R.L.H. 1955, § 3-24. The employee filed an appeal with the County of Kauai Civil Service Commission which, on May 19, 1959, found in favor of the employee, reinstating her in her employment. Whereupon the appointing authority, on May 21, 1959, appealed this decision and order of the Civil Service Commission to the Circuit Court of the Fifth Circuit.

Later, on August 14, 1959, and pending the appeal

to the Fifth Circuit Court in connection with the employee's dismissal, she was laid off from her employment; the layoff action purportedly being taken under the provisions of Rule 11 of the rules and regulations of the Kauai Civil Service Commission. On the appeal taken by the employee to the Commission, she prevailed and was again reinstated in her employment on November 19, 1959. Again, on December 1, 1959, the appointing authority appealed to the Circuit Court of the Fifth Circuit.

In both cases, the Fifth Circuit Court, on March 24, 1961, granted motions to dismiss filed by the Civil Service Commission and the employee, appellees herein, and entered its decision and order to that effect. From the orders entered in both cases dismissing these appeals, the appointing authority has further appealed to this court. The present appeals were consolidated for hearing by stipulation inasmuch as the issue was the same in both. Later they were submitted upon the briefs without oral argument.

Appellants specify as error:

"That contrary to the Circuit Court Judge's ruling denying the appointing authority its right to appeal, Section 3-25, Revised Laws of Hawaii 1955, as amended, which provides for 'appeals to the appropriate circuit court upon the ground that the determination made by the commission was made in manifest abuse of its discretion, was arbitrary and capricious or was clearly contrary to the evidence', means and includes the right of appointing authorities so aggrieved in a hearing before the civil service commission to so 'appeal.' "

The circuit court judge has in his written decision so thoroughly disposed of the sole question raised by the above specification of error that we adopt that part of

his decision quoted below as the opinion of this court:

"The sole question before this court is as to whether or not an appointing authority is entitled to appeal to the circuit court from a decision or order of the civil service commission under the provisions of Rule 72 of the Hawaii Rules of Civil Procedure and Section 3-25, Revised Laws of Hawaii 1955, as amended.

"Appellants herein must show that they are entitled as a matter of law to appeal to this court, since the right of appeal is purely statutory and exists only when given by some constitutional or statutory provision. State v. Olsen, 115 P. 968, at 969 (Utah); Owens v. Ackerman, 136 N. E. 2d 93 (Ohio); Collection Corp. v. Anami, 33 Haw. 911, at 913; Re Sprinkle & Chow License, 40 Haw. 485, at 491; 4 C. J. S., Appeal and Error, Sec. 18, p. 94.

"It has been repeatedly held by judicial authorities that in the absence of specific statutory authorization therefor, there can be no appeal by an appointing authority from a decision or action of an administrative agency such as a civil service commission. See 42 Am. Jur., Pub. Adm. Law, Sec. 232, p. 670; Appeal of Carroll, and Appeal of Fairley, 9 A. 2d 407, 336 Pa. 257. It is also well recognized that no appeal lies from the action of an administrative body unless authorized by statute; and that the statute may permit certain parties appeal rights and deny them to others. Gustetter v. City and County, 44 Haw. 484, at 488 and 489; Appeal of Carroll, and Appeal of Fairley, supra; Kearns v. Sherrill, 30 N. E. 2d 805, 137 Ohio St. 468.

"The jurisdiction of a court to hear an appeal from a decision or order of an administrative agency, such as a civil service commission, may be limited to one involving an appeal by a regular employee, and such jurisdiction may be special and limited by terms of the statute. Kearns v. Sherrill, supra.

"Rule 72 (a) of the Hawaii Rules of Civil Procedure, in part, provides that 'Where a right of redetermination or review in a circuit court or by a circuit judge at chambers is allowed by statute, any person adversely affected by the . . . decision, order or action of a governmental official or body . . . , may appeal from such decision, order or action by filing a notice of appeal . . . (2) in the circuit court having jurisdiction of the matter, . . . '

"Thus, under Rule 72 (a) only where a right of redetermination or review in a circuit court or by a circuit judge at chambers is allowed by statute may a person adversely affected by the order or action of a governmental body such as a civil service commission appeal from such decision, order or action. These provisions require that a person, in order to be entitled to an appeal, must, first, have a right allowed by statute to appeal, and second, that his rights must be adversely affected by the decision, order or action of the governmental official or body he seeks to appeal from.

"The latest enunciation of the principle of law in a situation such as in the instant case may be found in the State of Hawaii v. Annie Lee Prevo, Case No. 4190, [44 Haw. 665, 361 P.2d 1044] decided by our Supreme Court on March 14, 1961, wherein our Supreme Court holds that 'words or phrases in a statute cannot be isolated and be given a meaning foreign to their context. . . . The proper course is to search out and follow the true intent of the legislature and to adopt that sense of the words which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the legislature.'

"In order to properly construe the appeal provisions contained in Sec. 3-25, Revised Laws of Hawaii 1955, as amended, the fourth paragraph in said Sec. 3-25, which provides for a limited appeal, must not be isolated from

the rest of the section but said section must be construed in its entirety.

"The title of Sec. 3-25, Revised Laws of Hawaii 1955, as amended, is significant in that it reads 'Appeals from suspensions, dismissals and demotions'. The first paragraph of said section, in substance, provides that 'any regular employee who is suspended for a period in excess of four working days, . . . or is dismissed or demoted, may appeal to the commission'; that 'upon such appeal both the appealing employee and the appointing authority shall have the right to be heard publicly'; and that in order to expedite such hearing, the commission may appoint a qualified disinterested person to act as its hearing officer.

"The second paragraph of said Sec. 3-25 gives the civil service commission authority to reinstate the aggrieved employee to his former position if it finds that the suspension, dismissal or demotion of the employee was motivated by political, religious or racial reason; that in all the cases where the reason for the appointing authority's action of suspension, dismissal or demotion is not substantiated in any material respect, the commission must reinstate the aggrieved employee in his position, but where the commission finds that the reasons are substantiated or partially substantiated it must sustain the action of the appointing authority, or it may, where the circumstances of the case so require, modify the action of the appointing authority.

"The third paragraph of Sec. 3-25, provides that where the aggrieved employee is dismissed and not reinstated, the commission may order that his name be placed on an appropriate reemployment list in any similar position other than the one from which he has been removed.

"The controversial fourth paragraph of said Sec. 3-25 reads as follows:

" 'The findings and decisions of the commission shall be final on all such appeals, provided that this shall not prevent appeals to the appropriate circuit court upon the ground that the determination made by the commission was made in manifest abuse of its discretion, was arbitrary and capricious or was clearly contrary to the evidence.'

"The Court agrees with appellants' counsel that the wording above in the fourth paragraph as to who is entitled to appeal to the circuit court can be improved on, and is so worded that the sense of the word 'appeals' may be misconstrued. The Court feels, however, that said fourth paragraph should not be isolated from the rest of the section but should be tied in with the rest of said section.

"As pointed out by appellants' counsel, Sec. 1-18, Revised Laws of Hawaii 1955, provides the means of resolving ambiguities. Where the words of a law are ambiguous, Section 1-18, among others, under subsection (b) provides that 'the reason and spirit of the law, and the cause which induced the legislature to enact it, may be considered to discover its true meaning.'

"Appellants purport to appeal to this court under Sec. 3-25, Revised Laws of Hawaii 1955, as amended. That portion of the section relating to appeals to the circuit court first became law by the enactment of Act 274, S. L. 1955. Prior thereto there was no statutory right on the part of anyone, employee or otherwise, to appeal to any court from the decision of a civil service commission; on the contrary, such an appeal was expressly denied under Sec. 69(c), Revised Laws of Hawaii 1945.

"In 1955 the Civil Service Law was completely revised and provision was made for a limited court review of civil service commission action. Act 274, S. L.

1955 (H. B. 31). The House version of H. B. 31 provided for a general appeal and a de novo hearing in the circuit court. The Senate, however, modified the appeal provision to provide for only limited appeals, that is, a review to scrutinize only arbitrary or capricious commission action.

"Senate Standing Committee Report No. 334, re H. B. No. 31, H. D. 2, commenting on the grievance-procedure aspect of civil service, states, in part:

" '(h) Balancing the opposites of administrative freedom in disciplinary and dismissal actions and reasonable job security for the competent employee, by:

" '4) giving any employee an opportunity to appeal to a circuit court in the event a commission has acted in an arbitrary, capricious manner or without consideration of the facts placed before it in an appeal concerning a suspension, demotion or dismissal.'

(1955 Senate Journal, Twenty-Eighth Legislature, p. 559)

"Senate Standing Committee Report No. 334 further states, in part, that "Expressed in more detailed terms, your Committee's re-draft of House Bill 31:

" '22. Provides for limited appeals to courts from commission action on appeals from suspensions, demotions and dismissals. (It is within the intent of your Committee that a commission after once deciding an appeal in favor of an employee, cannot at a later time modify its decision in any way that is less favorable to the employee.)'

(1955 Senate Journal supra, p. 560)

"House Bill 31 was eventually passed by both Houses, as amended by the Senate, and enacted into law as Act 274, S. L. 1955.

"In view of the foregoing, this Court construes the

word 'appeals' as it first appears in the fourth paragraph of Sec. 3-25, Revised Laws of Hawaii 1955, as amended, to mean appeals made to the civil service commission by an employee by reason of his suspension, dismissal, or demotion by an appointing authority; that the findings and decisions of the civil service commission shall be final on all such appeals, subject to a certain proviso. This Court also construes the word 'appeals' appearing after the proviso to mean 'appeals by the aggrieved employee or employees'.

"After a thorough review of the law and legal authorities, it is the decision of this Court that the jurisdiction of this court to hear an appeal from a decision or order of the County Civil Service Commission is limited to one involving an appeal by a regular employee, and that such jurisdiction is special and limited."

The judgments of dismissal appealed from are affirmed.

*Toshio Kabutan,* County Attorney, and *Tatsuo Asari,* Deputy County Attorney, for Appellants.

*Shiro Kashiwa,* Attorney General, and *David Y. Mar,* Deputy Attorney General, for Appellee County of Kauai Civil Service Commission.

*Bouslog & Symonds (James A. King)* for Appellee Florence S. Cummings.