In the Matter of ERIC G., Birthdate September 8, 1966

NO. 7822

(S. P. NO. 5056)

AUGUST 24, 1982

RICHARDSON, C.J., LUM, NAKAMURA,
PADGETT, AND HAYASHI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order below dismissing a notice of appeal filed by the Department of Education (hereinafter "DOE") in response to a decision and order of an administrative hearings officer. The plaintiff-appellee moved to dismiss on the grounds that Chapter 91, HRS, and Rule 72, HRCP, denied jurisdiction to the circuit courts to hear an appeal by an agency of an administrative hearings officer's decisions because an agency is not a "person" under § 91-1(2), HRS. Defendant-Appellant DOE filed a motion in opposition. At the conclusion of the hearing on the motion to dismiss, the court dismissed the notice of appeal. We reverse.

The dispute arose when the parents of Eric G. complained that the DOE had not provided him with a free appropriate public

education for the year 1978-79 as required by the federal funding statute, P.L. 94-142 (20 U.S.C. § 1401, *et seq.,* known as the "Education For All Handicapped Children Act", (hereinafter "EHCA") ).

A due process administrative hearing was held, pursuant to Rule 49(9), DOE Rules, and 20 U.S.C. § 1401, *et seq.,*[1] on September 18, 1979. The impartial hearings officer, selected by the DOE, rendered a decision on November 23, 1979 adverse to the DOE. Thereafter, the DOE asserted standing as a party aggrieved by a findings and decision with the right to bring a civil action under § 615(e)(2) (20 U.S.C. § 1415(e)(2), EHCA), and filed as a "special proceeding," a notice of appeal. The designation of the case as a "special proceeding" was contrary to accepted practices and to Rules 2, 72 and 81(e), HRCP. The designation, however, is a matter of form, not substance.

The DOE sought to set aside the hearings officer's decision, alleging, *inter alia,* that the hearings officer's decision adversely and prejudicially affected the substantial rights of the DOE in that the decision was arbitrary, capricious, and/or constituted an abuse of discretion; contrary to statute; unsupported by substantial evidence; and unwarranted by the facts.

Counsel for Eric G. moved for a motion to dismiss appeal, pursuant to Rule 12(b)(1), HRCP, on the ground that Chapter 91, HRS, and Rule 72, HRCP, denied jurisdiction to the circuit court to hear an appeal by an agency of decisions by an administrative hearings officer. Counsel for Eric G. asserted that the section reserving reviewability, § 91-14(a), HRS:

Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of

---

[1] Rule 49.9(a) states: "An impartial hearing may be requested by a parent or the Department on any matter relating to proposed (or refused) action to initiate or change the identification, evaluation, program, or placement of a child."

Section 1415(b)(1)(E) indicates that due process hearings provide "an opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child" and § 1415(b)(2) provides that all impartial hearings are to be before a hearings officer who is not an employee of the agency involved in the education of the child. In accordance therewith, Rule 49.9(f) provides that the hearing shall be conducted by an impartial hearings officer from outside the Department.

review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial *de novo,* including the right of trial by jury, provided by law.

excluded agencies as "persons" under § 91-1(2), HRS:

"Persons" includes individuals, partnerships, corporations, associations, or public or private organizations of any character other than agencies.

The DOE, in its memorandum in opposition to motion to dismiss, argued that jurisdiction existed in that, *inter alia:* (1) federal law, by virtue of its supremacy, prohibits the state from expressly denying a right of judicial review; (2) DOE Rule 49 can be interpreted to confer jurisdiction and to supercede inconsistent state law; (3) HRS § 91-17 renders § 91-14 inapplicable where it is alleged that federal aid or grants will be jeopardized; and (4) in any event, the circuit court has plenary powers to take jurisdiction and review the instant case.

These contentions were argued at the hearing on the motion to dismiss, after which the circuit court judge dismissed the notice of appeal. The court found there was no subject matter jurisdiction since state law did not authorize the appeal by an administrative agency of an adverse decision. We reverse.

In his administrative law treatise, Professor Davis describes the common law of reviewability, i.e., the state of the law before enactment of any administrative procedure act:

The common law of the nineteenth century was that *administrative action was usually unreviewable in absence of legislative intent in favor of review.*[2]

[Emphasis added.] Thus, in absence of a statutory provision or constitutional principle, the common law rule is applicable.

The nineteenth century common law presumption against reviewability was changed by the courts until, by the time the federal Administrative Procedure Act[3] was enacted in 1946, the common

---

[2] K. Davis, *Administrative Law,* 509 (3rd ed. 1972).

[3] 5 U.S.C. § 551 *et seq.* (1976).

law presumption was one of reviewability *unless* (1) there was explicit legislative intent to the contrary or (2) some special reason called for unreviewability.[4]

Hawaii cases decided before the enactment of the Hawaii Administrative Procedures Act [5] followed the 19th century common law standard of non-reviewability. See, e.g., *Re Sprinkle & Chow Liquor License,* 40 Haw. 485 (1954) (the remedy by appeal is not a common-law right and exists only by virtue of a statute or constitutional provision); *Gustetter v. City & County of Honolulu Motor Vehicle Dealer's & Salesmen's Licensing Bd.,* 44 Haw 484, 354, P.2d 956 (1960) (appeal to a circuit court from the action of an administrative body does not lie unless allowed by statute); *Mahelona Hospital v. Kauai Civil Service Comm.,* 46 Haw. 260, 377 P.2d 703 (1962) (a statute may grant rights of appeal to certain parties and deny them to others, and in absence of a specific statutory authorization, there can be no appeal by an appointing authority from an administrative agency's decision or action).

After enactment of the Hawaii Administrative Procedure Act, this court has held that the right to appeal an adverse administrative action is limited by the Act. *Melemanu Woodlands Community Ass'n v. Koga,* 56 Haw. 235, 533 P.2d 867 (1975), citing *In Re Charley's Tour and Transportation, Inc.,* 55 Haw. 463, 522 P.2d 1272 (1974), *Gustetter v. City & County, supra,* and *Mahelona Hospital v. Kauai Civil Service Comm., supra.*

Appellant cites *Fasi v. Hawaii Public Employment Relations Board,* 60 Haw. 436, 591 P.2d 113 (1979) as authority that an agency has standing to appeal as an "aggrieved party." Unlike any of the previous cases, however, where an *individual* sought standing to appeal an adverse administrative action, in *Fasi,* the individual adversely aggrieved by the agency action had the right and standing to appeal to the circuit court under Chapter 91, HRS, and thereafter, the agency had standing to appeal to this court from the circuit court judgment:

[W]here the effect of the judgment [rendered in judicial review

---

[4] For example, Presidential removal of enemy aliens during wartime seemed to be mostly unreviewable.

[5] HRS § 91-1, *et seq.*

of the agency's order] is to overturn a decision of the board with respect to the implementation of legislation entrusted to the board for administration.

60 Haw. at 442, 591 P.2d at 117.

In this instance, had Eric G. been the aggrieved party seeking appellate review, he clearly would have the right and standing to bring his actions in the circuit court. If he subsequently prevailed on appeal, it might then be possible for the agency to invoke *Fasi*. This is not the case, and *Fasi* is not applicable.

Finally, both parties cited *Board of Trustees of School District No. 3 v. District Boundary Board,* 489 P.2d 413 (Wyo. 1971). Wyoming has adopted an administrative procedure act with language almost identical to that of Hawaii.[6] In *Board of Trustees of School District No. 3,* a school board challenged an administrative order of redistricting. On appeal, appellee agency argued that a school board of trustees lacked standing under the statute. The Supreme Court of Wyoming held, in part, that the trustees had standing to appeal as an aggrieved party since,

> regardless of precise statutory authority, courts must remain open with inherent power to review administrative action when it is alleged to be without authority or arbitrary.

489 P.2d at 417. We note again that the above case differs factually in that it was not the administrative agency appealing.

Subsequent to *Board of Trustees of School District No. 3* was the Wyoming Supreme Court's resolution of similar issues in *Pritchard v. State, Division of Vocational Rehabilitation, Dept. of H.S.S.,* 540 P.2d 523 (Wyo. 1975). In that case, the plaintiff's employment with the state division was terminated. He filed a petition for review with an im-

---

[6] For example, § 9-276.19(b) of the Wyoming Administrative Procedure Act states a definition:

"(6) 'Person' means any individual, partnership, corporation, association, municipality, governmental subdivision or public or private organization of any character other than an agency."

The Act's provision for judicial review, § 9-276-32, provides:

"(a) ... any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review in the district court ..."

partial career service council, which ultimately found no cause for termination and ordered the plaintiff to be reinstated. The state division appealed the council's decision and order. The Supreme Court held that the division was not a "person" under the Wyoming Administrative Procedure Act and therefore, was not entitled to appeal.

A plain English reading of §§ 91-1 and 91-15, HRS, discloses a clear and understandable legislative directive that agencies are not "persons" with standing to appeal an administrative action.

Appellant, however, asserts that the denial of standing to state agencies under 91, HRS, violates the Supremacy Clause because when federal legislation and state law conflict, the latter must yield.

The United States Supreme Court set out a two-part test for determining whether a state law which conflicts with a federal statute should be invalidated in *Perez v. Campbell*, 401 U.S. 637 (1971). First, one must ascertain the construction of the two statutes, and then one must determine whether they are in conflict. Ultimately, the court must determine "whether a challenged statute 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " *Perez, supra,* at 649.

Title 20 U.S.C. § 1415(e)(2) provides:

Any party aggrieved by the findings and decision made under subsection (b) of this section who does not have the right to an appeal under subsection (c) of this section, and any party aggrieved by the findings and decision under subsection (c) of this section, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

Subsection (c) of 20 U.S.C. § 1415 has to do with hearings at the agency level, not with court hearings.

The problem in our case is that appellant has attempted to proceed not by an independent civil action, but by an appeal under Chapter 91, HRS. No such right is given under the federal statute.

However, appellant, as a "party"[7] in the administrative proceedings, had a right to bring a civil action in state or federal court under 20 U.S.C. § 1415(e)(2). The standard of review in such an action, however, is very different from that in an appeal under Chapter 91, HRS, and is a matter of Federal Law. As the Supreme Court of the United States said in *Board of Education v. Rowley,* No. 80-1002, 50 U.S.L.W. 4925 at 4933, decided June 28, 1982:

> Therefore, a court's inquiry in suits brought under § 1415(e)(2) is twofold. First, how the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits? If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more.

The misdesignation of the action as a "special proceeding," the mistaken label of the complaint as a "Notice of Appeal" and the mistaken reliance on Chapter 91, HRS, by the appellant do not vitiate the clear statement in the "Notice of Appeal" that the proceeding below was based in part, at least, on 20 U.S.C. § 1415(e)(2). Substance controls over form. A claim for relief was stated and thus dismissal was erroneous.

Accordingly, the judgment below is reversed.

*Darwin L. D. Ching,* Deputy Attorney General, on the briefs for appellant, Department of Education.

*Shelby Anne Floyd* and *Paul Alston (Paul, Johnson & Alston* of counsel) on the brief for appellee, Eric G. .

---

[7] We can find no definition of the term "party" in subchapter II of 20 U.S.C., Chapter 33 or in any other part of Chapter 33.