DOUGLAS GIBB, Chief of Police, Honolulu Police Department, City and County of Honolulu, Appellant-Appellee, *v.* JOHN SPIKER, Appellee-Appellant, and PATRICIA SALSBURY and the CIVIL SERVICE COMMISSION, CITY AND COUNTY OF HONO-LULU, Appellees-Appellees

NO. 10792

(CIVIL NO. 83026)

MAY 8, 1986

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, JJ.,
AND INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE
WALTER M. HEEN, IN PLACE OF NAKAMURA, J., RECUSED

OPINION OF THE COURT BY LUM, C.J.

This is an appeal by Appellee-Appellant John Spiker ("Spiker") who

 

appeals from a circuit court order reversing the decision of the Civil Service Commission ("Commission"). Spiker is a former Honolulu Police Department ("HPD") officer who resigned but sought reinstatement, and the Commission had ordered Appellant-Appellee HPD Chief Douglas Gibb ("Gibb") to rehire Spiker. Spiker contends the trial court erred by 1) not dismissing Gibb's appeal for lack of standing; and 2) ruling the Commission lacked the authority to order reinstatement. We disagree and affirm the trial court's order for the reasons stated below.

I.

The facts are not disputed. Spiker joined HPD on September 16, 1976. Spiker resigned on May 16, 1980 with the approval of then-HPD Chief Francis Keala. Spiker then worked full-time at his precious metals business. On February 7, 1983, Spiker applied for re-employment at HPD. He was twice rejected and appealed to the Commission.

In an October 24, 1983 hearing, former Acting HPD Chief Harold Falk testified Spiker was rejected because Spiker and his company were under investigation for possible illegal activities though there was no hard evidence of any crimes, the reliability of information implicating Spiker was unknown, and Spiker had twice assisted HPD in arresting persons making illegal precious metals transactions. Spiker denied involvement in any crime. HPD Captain Ersel Kilburn, then-acting personnel officer, stated HPD had an unwritten policy that no person under criminal investigation would be hired.

The Commission found the sole reason Spiker was not rehired was because of the continuing investigation into unproven allegations of criminal conduct and held this reason was an insufficient basis to deny re-employment. The Commission ordered Spiker rehired and ruled Hawaii Revised Statutes ("HRS") § 76-48 and Revised Charter of the City and County of Honolulu ("RCH") art. VI, Ch. 3 § 6-308 controlled:

> [T]he legislative drafters of these sections would not have afforded Appellants the right to grieve "legal wrong because of any action by the director of Personnel Services or his appointing authority," or the right to appeal such action by which they are "adversely affected or aggrieved" in Section 76-48, Hawaii Rev. Stat., or to appeal "any action of the director of civil service ... for redress" without contemplating that the Commission would possess a correlative authority to

redress their grievances. Accordingly, *even in the absence of an express provision stating that the Commission possess the power to order rehiring of an individual otherwise qualified for service, the Commission feels that it possesses such authority by necessary implication* from the statutory and regulatory scheme established in Chapter 76, Hawaii Rev. Stat., and the Revised City Charter. Without such authority, the Commission could not fulfill its mandate to insure respect for the merit principle, impartial selection, and efficiency, which are the cornerstones of any rational civil service system. Without the authority to order that Appellant be rehired from a re-employment list, the Commission would be powerless to prevent an employer from refusing to hire an employee for an improper and prohibited reason, since re-employment decisions would remain subject to the employer's unreviewable discretion. (Emphasis added).

(Record before the Commission at 224-25).

Gibb refused to rehire Spiker and appealed to the Circuit Court of the First Circuit. The Commission and Spiker then asserted Gibb had no standing under HRS § 91-14(a) to appeal the Commission's order.[1] The trial court reversed the Commission's order ruling, *inter alia,* 1) HRS § 76-48 applied to the State of Hawaii and not the City and County of Honolulu; 2) HRS § 76-48 and RCH § 6-308 apply to appeals for wrongly demoted, suspended, or fired employees and was thus inapplicable to Spiker, an ex-employee who had resigned but was seeking reinstatement; and 3) the Commission exceeded its authority by ordering reinstatement. Spiker then appealed to this court.

II.

*Gibb's Standing to Appeal*

To have standing to make an administrative appeal under HRS § 91-14(a), Gibb 1) must be an aggrieved person; and 2) must have par-

---

[1] The Commission was a party to the appeal to the trial court but took a separate appeal from the trial court ruling. The Commission's appeal to this court was dismissed when no opening brief was filed.

ticipated in the contested case before the administrative agency.[2] *Jordan v. Hamada,* 64 Haw. 451, 643 P.2d 73 (1982). Spiker argues Gibb is not a "person" but an "agency" who cannot appeal from the Commission's ruling. We conclude otherwise.

HRS § 91-1 (1976) reads in relevant part·

(1) "Agency" means each state or county board. commission, department, or *officer authorized by law to make rules* or to adjudicate contested cases, except those in the legislative or judicial branches.

(2) "Persons" includes individuals, partnerships, corporations, associations, or public or private organizations of any character *other than agencies.*

(4) "Rule" means each agency statement of general or particular applicability and future effect that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice requirements of any agency. *The term does not include regulations concerning only the internal management of an agency and not affecting private rights of or procedures available to the public,* nor does the term include declaratory rulings issued pursuant to section 91-8 nor intra-agency memoranda.

(Emphasis added).

Gibb is thus an agency if he engages in rulemaking that affects private rights of or procedures available to the public. Here, there is no contention Gibb has promulgated or enforced any such rules. The decision not to rehire Spiker based on an informal, unwritten policy against hiring anyone under investigation for possible criminal wrongdoing was a purely internal management function not within the scope of HRS § 91-1(4). *See Waugh v. University of Hawaii,* 63 Haw. 117, 621 P.2d 957 (1981); *Holdman v. Olim,* 59 Haw. 346, 581 P.2d 1164 (1978); *Doe v.*

---

[2] HRS § 91-14 states:

Judicial review of contested cases. (a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review. redress, relief, or trial de novo. including the right of trial by jury, provided by law

*Chang,* 59 Haw. 94, 564 P.2d 1271 (1977).

Gibb, therefore, was not an agency based on the definitions provided in HRS § 91-1 and possessed standing under HRS § 91-14(a) to appeal the Commission's order.

Spiker argues *In re Eric G.,* 65 Haw. 219, 649 P.2d 1140 (1982), is dispositive. *Eric G.* held the Department of Education was an agency, not an aggrieved "person," and lacked standing to appeal an adverse administrative hearings ruling under HRS § 91-14(a) (though DOE was entitled to appeal under a separate controlling federal act). We noted there: "A plain English reading of § 91-1 . . . HRS discloses a clear and understandable legislative directive that agencies are not 'persons' with standing to appeal administrative action." *Id.* at 224, 649 P.2d at 1143.

*Eric G.* is clearly distinguishable from the present case. The Department of Education is undisputedly an agency within the meaning of HRS § 91-1(4). Unlike Gibb, the Department of Education promulgates rules subject to the requirements of the Hawaii Administrative Procedure Act (HRS Chapter 91) that affect private rights of or procedures available to the public. *Eric G* is not applicable to this case.

III.

A.

*Applicability of HRS § 76-48*

This law reads:

> *Appeals from action of director or appointing authority.* As to any matter within the scope of this part, any person suffering legal wrong because of any action by the director of personnel services or his appointing authority, or adversely affected or aggrieved by such action, shall be entitled to appeal to the civil service commission. The appeal shall be made within twenty days after notice of the action has been sent to the person and shall be heard in a manner similar to that provided in this chapter.

HRS § 76-48, however, is included in Part II of the Civil Service Law (HRS §§ 76-11 to 76-56) titled "Civil Service for the State." Though the Civil Service Law Part III (HRS §§ 76-71 to 76-81) specifically applies to Hawaii, Maui, and Kauai Counties, the City and County of Honolulu does not appear subject to HRS Chapter 76.

 

Spiker urges this court to accept the Commission's ruling that HRS § 76-48 applies to the City and County of Honolulu because the Commission's interpretation of the civil service laws it enforces should be accorded a presumption of validity. *See, e.g., Treloar v. Swinerton and Walberg Co.,* 65 Haw. 415, 653 P.2d 420 (1982); *Waikiki Resort Hotel v. City and County of Honolulu,* 63 Haw. 222, 624 P.2d 1353 (1981). An agency's statutory interpretation, though, cannot contradict the clear statutory language, *State v. Dillingham Corp.,* 60 Haw 393, 591 P 2d 1049 (1979), that is consistent with the legislative purpose. *Camara v. Agsalud,* 67 Haw. 212, 685 P.2d 794 (1984); *see Agsalud v. Blalack,* 67 Haw. 588, 699 P.2d 17 (1985).

Based on the plain and unambiguous statutory directive that Civil Service Laws Part II (which contains HRS § 76-48) pertains only to the State of Hawaii, the trial court correctly held the Commission's ruling that HRS § 76-48 controlled was erroneous.

### B.

#### *Applicability of RCH § 6-308*

This provision reads

1 Any person aggrieved by any action of the director of civil service or who has been *suspended, demoted or dismissed* may appeal to the civil service commission for redress, pursuant to its rules and regulations.

2 If the civil service commission, after a hearing, orders a *demoted, dismissed or suspended employee* reinstated, it may reinstate such employee under such conditions as it deems proper.

(Emphasis added).

Because Spiker had not been suspended, demoted, or dismissed, a literal reading indicates RCH § 6-308 does not apply to his case. Unless the literal construction would produce an absurd and unjust result clearly inconsistent with the civil service provisions' purposes, this court must enforce RCH § 6-308 as read. *See Sherman v. Sawyer,* 63 Haw. 55, 621 P.2d 346 (1980); *In re Tax Appeal of Palk,* 56 Haw. 492, 542 P.2d 361 (1975)

Notwithstanding the Commission's expertise in this area, *see Treloar, Waikiki Resort Hotel,* it is evident the drafters of RCH § 6-308 did not intend RCH § 6-308 to apply to the present case where a *former*

438

*employee* who *resigned* seeks reinstatement. RCH § 6-308 does not apply to Spiker. The Commission, therefore, lacked the authority to order Spiker's reinstatement, and the trial court committed no error by reversing the Commission's decision. The Commission's decision was clearly *ultra vires.*

Affirmed.

*Lowell K. Y. Chun-Hoon* for Appellee-Appellant.

*Charlotte J. Duarte,* Deputy Corporation Counsel, for Appellant-Appellee.