885 P.2d 1137

**COUNTY OF HAWAI'I, DEPARTMENT OF FINANCE, Appellant–Appellant,**

v.

**CIVIL SERVICE COMMISSION OF the COUNTY OF HAWAI'I and Leslie Brown, Appellees–Appellees.**

No. 15869.

Intermediate Court of Appeals of Hawai'i.

Dec. 13, 1994.

---

Frederick D. Giannini, Deputy Corp. Counsel, County of Hawai'i, on the briefs, Hilo, for appellant.

Kathleen Racuya–Markrich and Ruth I. Tsujimura, Deputy Attys. Gen., State of Hawai'i, on the brief, Honolulu, for appellee Civil Service Com'n of County of Hawai'i.

Charles K.Y. Khim, on the brief, Honolulu, for appellee Leslie Brown.

Before BURNS, C.J., ACOBA, J., and WENDELL K. HUDDY, Circuit Judge, in place of WATANABE, Associate Judge, disqualified.

ACOBA, Judge.

■ This case presents the question of whether an agency, which is a party to an administrative contested case hearing, may appeal the adjudicatory agency's adverse decision to the circuit court under Hawai'i Revised Statutes (HRS) § 91–14 (1985 and Supp.1992) (amended 1993) which generally controls appeals from agency decisions.

Because we hold that a party agency did not fall within the definition of a "person" who is entitled to appeal under HRS § 91–14 prior to May 20, 1993, we dismiss the appeal before us.

I.

On December 13, 1989, Appellee–Appellee [1] Leslie Brown, a County of Hawai'i employee who applied for the position of Assistant County Real Property Tax Administrator, appealed to Appellee–Appellee Civil Service Commission of the County of Hawai'i (the Commission) after another applicant was selected for the position by Appellant–Appellant County of Hawai'i, Department of Finance (the Department). As a result of Brown's appeal, the Commission ordered on October 24, 1990, that the Department redo the selection process and reinterview the candidates.

The Department appealed to the circuit court from the Commission's order on November 23, 1990. The circuit court affirmed the Commission's order on December 20, 1991. The Department appeals to this court from the circuit court's Order Affirming the Decision of the Civil Service Commission, County of Hawaii [Hawai'i], State of Hawaii [Hawai'i].

On appeal, the Department contends that the Commission's Decision and Order was in error because: 1) the Commission's order

contradicts its own findings that the employment questions used were appropriate and relevant, that there was no discrimination involved in the selection, and that Brown did not sustain his burden of proof; 2) the selection panel's choice of another applicant should have been upheld under Rules of the Civil Service Commission (RCSC) Rule 5.4 because the Commission found the objective criteria of the selection process valid; 3) although RCSC Rule 5.4 allows the Commission to modify the decision of the Department, the order to vacate the selection exceeded the Commission's authority under that rule; and 4) the circuit court failed to apply the proper standard of review set forth in HRS § 91–14.

In response, the Commission contends, for the first time, that the circuit court lacked subject matter jurisdiction because the Department had no standing to appeal under HRS § 91–14 and, even if there was jurisdiction, the Commission acted within its powers in ordering the selection process to be redone.

Brown asserts that the Department did not challenge the Commission's findings of fact regarding testing and test scoring irregularities in the circuit court, and that the Commission's findings of fact and conclusions of law in support of the order were correct. Brown does not raise any jurisdictional issue.

II.

■ We turn to the issue of jurisdiction raised by the Commission.[2] For, "[i]f a court lacks jurisdiction over the subject matter of a proceeding, any judgment rendered in that proceeding is invalid." *Bush v. Hawaiian Homes Comm'n*, 76 Hawai'i 128, 133, 870 P.2d 1272, 1277 (1994). " 'Such a question is in order at any stage of the case, and ... we have jurisdiction here on appeal, not of the merits, but for the purpose of correcting an error in jurisdiction.' " *Chun v. Employees' Retirement Sys.*, 73 Haw. 9, 14, 828 P.2d 260,

---

1. The party who files the notice of appeal in the circuit court from the administrative agency's order is designated "appellant" and all other parties are designated "appellees." Hawai'i Rules of Civil Procedure Rule 72(a).

2. None of the parties challenged the Commission's jurisdiction to hear the initial appeal.

263, *reconsideration denied,* 73 Haw. 625, 829 P.2d 859 (1992) (quoting *In re Application of Rice,* 68 Haw. 334, 335, 713 P.2d 426, 427 (1986)), *quoted in, Bush,* 76 Haw. at 133, 870 P.2d at 1277.

## A.

■ The threshold question is whether the Department was a "person" entitled to judicial review under HRS § 91–14 and Hawai'i Rules of Civil Procedure (HRCP) Rule 72(a) which establish circuit court jurisdiction over appeals from agency decisions. HRCP Rule 72(a) states:

*Where a right of redetermination or review in a circuit court is allowed by statute,* any person adversely affected by the decision, order or action of a governmental official or body other than a court, may appeal from such decision, order or action by filing a notice of appeal in the circuit court having jurisdiction of the matter.

(Emphasis added.) HRCP Rule 72(a) merely establishes that the circuit court will hear the appeal. The right to redetermination or review must come from a statute. *Samuel Mahelona Hosp. v. County of Kauai Civil Serv. Comm'n,* 46 Haw. 260, 264, 377 P.2d 703, 706 (1962) (decided under prior promulgation of HRCP Rule 72 which was substantially the same as the present rule). The statute that would confer jurisdiction in this case is HRS § 91–14.

Hence, we are primarily concerned with HRS § 91–14(a) (1985) (amended 1993) which provides that:

Any *person* aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter. . . .

(Emphasis added.)

While an aggrieved "person" is entitled to judicial review under HRS § 91–14(a), an "agency" was not, because "agencies" are excluded from the definition of "persons." The definition of " '[p]ersons' includes individuals, partnerships, corporations, associations, or public or private organizations of any character *other than agencies.*" HRS § 91–1(2) (1985) (emphasis added).

■ On the other hand, an "agency" is defined, in pertinent part, as a "state or county . . . department . . . authorized by law to make rules[.]" HRS § 91–1(1) (1985). "Rule[s,]" in turn, "[do] not include regulations concerning only the internal management of an agency and not affecting private rights of or procedures available to the public[.]" HRS § 91–1(4) (1985). Conversely, then, departments which "engage[ ] in rulemaking [sic] that affects private rights of or procedures available to the public" are agencies. *Gibb v. Spiker,* 68 Haw. 432, 435, 718 P.2d 1076, 1078 (1986). Consequently, the subsidiary question is whether the Department is an "agency" within the meaning of HRS § 91–1(1) because it makes rules affecting "private rights of or procedures available to the public."

The Department was created by article V, chapter 3 of the Hawai'i County Charter (1991). Article V is entitled, "Executive Branch [—] the Mayor and Staff Agencies[.]" It is evident that the Department is a county department. As head of the Department, the director of finance promulgates rules which affect private citizens or procedures available to the public. For example, the director of finance adopts regulations concerning motor vehicle registration by private citizens. HRS § 286–51 (1985); Rules and Regulations of Director of Finance, County of Hawai'i Rule 5. Additionally, the director is empowered to issue rules and regulations for emergency purchases, for use of petty cash funds, for awarding of non-competitive purchases and contracts, for approval and signing of purchase orders, and for negotiated sales of certain county property; matters which appear to affect procedures available to the public. Charter of the County of Hawai'i § 10–14(g) (1991). Through rules, the director also establishes the procedure for private citizens to obtain property tax exemptions. Rules and Regulations of Director of Finance, County of Hawai'i, Rule 14. Understandably, then, on appeal, the Department does not oppose the Commission's contention that the Department "can-

not dispute that it promulgates rules pursuant to Chapter 91, HRS."

Accordingly, we hold that the Department is an "agency" within the meaning of HRS chapter 91, and was not a "person" entitled to appeal under HRS § 91–14 prior to May 20, 1993 [3].

### B.

The Supreme Court of Hawai'i had correspondingly held that, "[a] plain English reading of §§ 91–1 and 91–15 [sic, 91–14], HRS, discloses a clear and understandable legislative directive that agencies are not 'persons' with standing to appeal an [adverse] administrative action." *In re Eric G.*, 65 Haw. 219, 224, 649 P.2d 1140, 1143 (1982). *See Williams v. Hawaii Medical Serv. Ass'n*, 71 Haw. 545, 798 P.2d 442 (1990); *Gibb v. Spiker*, 68 Haw. 432, 718 P.2d 1076 (1986) (quoting *In re Eric G.*). *See also Mekss v. Wyoming Girls' School*, 813 P.2d 185 (Wyo.1991) (under similar definition of "person" and statute allowing judicial review, party agency did not have standing to cross appeal an adverse administrative ruling); *Pritchard v. State, Div. of Vocational Rehabilitation, Dept. of Health & Social Serv.*, 540 P.2d 523 (Wyo.1975) (under similar definition of "person" and statute allowing judicial review, agency party did not have standing to appeal an adverse administrative ruling), *cited in*, *Eric G.*

In *Eric G.*, a minor, through his parents, argued that the Department of Education (DOE) failed to afford him appropriate free public education required by the Education of the Handicapped Act, 20 U.S.C. § 1400 *et seq.* (1988). Pursuant to DOE rules, an administrative hearing was held before an "impartial hearings officer" who ruled in favor of Eric G. DOE appealed to the circuit court. Upon Eric G.'s motion, the circuit court dismissed the appeal because DOE was not a "person," but an "agency," and could not establish jurisdiction in the circuit court under HRS § 91–14.

Supporting that proposition, the supreme court pointed out that "[a]fter enactment of the Hawaii [Hawai'i] Administrative Procedure Act, . . . the right to appeal an adverse administrative action is limited by the Act." *Id.* at 222, 649 P.2d at 1142.

The supreme court addressed this issue again in *Gibb*. In that case, Spiker had resigned from the Honolulu Police Department (HPD) and later sought re-employment, but was twice rejected. Spiker appealed to the Civil Service Commission of the City and County of Honolulu which, thereafter, ordered Spiker to be rehired. Gibb, who was HPD Chief of Police, appealed to the circuit court. The circuit court overturned the Honolulu Civil Service Commission's order.

On appeal to the supreme court, it was held that the circuit court had jurisdiction over Gibb's appeal. Applying the definitions of "agency," "persons," and "rule" in HRS chapter 91, the court found that Gibb did not engage in "rulemaking [sic] that affects private rights of or procedures available to the public." *Gibb*, 68 Haw. at 435, 718 P.2d at 1078. Rather, he engaged in a "purely internal management function" and was, thus, not an "agency" precluded from appealing under HRS § 91–14. *Id.* In distinguishing *Eric G.* from *Gibb*, the court noted that the DOE in *Eric G.* was an agency because it "promulgates rules subject to the requirements of the Hawaii [Hawai'i] Administrative Procedure Act (HRS Chapter 91) that affect private rights of or procedures available to the public." *Gibb*, 68 Haw. at 436, 718 P.2d at 1079.

In support of its position that it had standing to appeal to the circuit court, the Department cites *Gibb* and *Ariyoshi v. Hawaii Public Employment Relations Bd.*, 5 Haw.App. 533, 704 P.2d 917 (1985). As stated above, Gibb, unlike the Department, was not an "agency" and therefore had standing to appeal. And, although *Ariyoshi* held that the governor of the state and the mayors of the counties had standing to appeal an adverse administrative ruling to the circuit court, the

---

**3.** Hawai'i Revised Statutes § 91–14(a) was amended in 1993 with the amendment becoming effective on May 20, 1993. 1993 Haw.Sess.L. Act 115, § 3 at 163. The amendment is discussed in section II. C., *infra*.

issue of whether they were "person[s]" under HRS § 91–14 was not addressed. Therefore, under a plain reading of the statutes, *Eric G.,* and *Gibb,* the Department lacked standing to appeal the Commission's adverse Decision and Order.

### C.

Moreover, recent changes to the Model State Administrative Procedure Act support the denial of jurisdiction. Hawai'i's Administrative Procedure law, HRS chapter 91, is based on the first draft of the Model State Administrative Procedure Act (1961) and its commentary. Hse.Stand.Comm.Rep. No. 8, in 1961 House Journal, at 654. The 1961 version of the model act contained a definition of "persons" that is substantially the same as Hawai'i's definition in HRS § 91–1(2).

In 1981, the definition of "persons" in the model act was revised. The new definition states that " '[p]erson' means an individual, partnership, corporation, association, governmental subdivision or unit thereof, or public or private organization or entity of any character, *and includes another agency.*" *Model State Administrative Procedure Act § 1–102(8),* 15 U.L.A. 11 (1981) (emphasis added). Unlike the 1961 definition, the revised definition of "person" acknowledges that an administrative agency may be considered a "person" under the model act's provisions.

> This definition is broader than the 1961 Revised Model Act definition … because it includes an "agency" other than the agency against whom rights under this Act are asserted by the "person." Inclusion of such agencies and units of government insures, therefore, that other agencies or other governmental bodies can, for example, petition an agency for the adoption of a rule, and *will be accorded all the other rights that a "person" will have under the Act.*

*Comment to Model State Administrative Procedure Act § 1–102,* 15 U.L.A. 14 (1981) (emphasis added). Hence, whereas the pres-

ent definition of "persons" would preclude an agency which is a party to an administrative hearing from appealing an adverse decision to the circuit court, the revised definition of "person," if adopted in Hawai'i, would clearly permit the agency to file such an appeal, because the definition of a "person" entitled to judicial review under HRS § 91–14(a), would include an "agency."

Thus, the 1981 revision clearly establishes that the 1961 model act definition of "persons," which is like our own, did not permit a party agency to appeal an adverse order issued by an adjudicating agency.

However, the legislature, while not amending the definition of "persons" in HRS § 91–1(2), has since amended HRS § 91–14 to permit a party agency to appeal an adverse order of an adjudicatory agency. Effective May 20, 1993, 1993 Haw.Sess.L. Act 115, § 3 at 163, HRS § 91–14 was amended to direct that "[n]otwithstanding any other provision of this chapter to the contrary, for the purposes of this section, the term 'persons aggrieved' shall include an agency that is a party to a contested case proceeding before that agency or another agency." HRS § 91–14(a) (compilation 1993).

### D.

Although we are cognizant that "[e]lementary justice requires that one who is hurt by illegal action should have a remedy[,]" 4 K. Davis, *Administrative Law Treatise,* § 24:2, at 212 (2d ed. 1983), here we are bound by the plain language of the statutes and precedent. And, while it appeared inconsistent that an agency could not appeal from an adverse administrative determination to the circuit court, but could appeal an adverse ruling from the circuit court to the appellate courts, that distinction had been upheld under a plain reading of HRS §§ 91–14 and 91–15 [4] in *Williams v. Hawaii Medical Serv. Ass'n,* 71 Haw. 545, 548, 798 P.2d 442, 444 (1990), and in *In re Eric G.,* 65 Haw. 219, 222, 649 P.2d 1140, 1142–43 (1982).

---

**4.** Hawai'i Revised Statutes (HRS) § 91–15 (1985) states: **"Appeals.** Review of any final judgment of the circuit court under this chapter shall be governed by chapter 602." HRS chap-

ter 602 establishes the jurisdiction of the appellate courts to hear "any appeal allowed by law from any other court or agency[.]" HRS § 602–5(1) (1985).

We also understand that our holding raises the possibility that pre–May 20, 1993 appeals which may involve important issues affecting the public interest will be precluded from judicial review. That possibility is not raised by the parties before us but we are aware of at least one jurisdiction which has recognized a "public interest" exception to nonreviewability of an agency's putative appeal. *See Renza v. Murray*, 525 A.2d 53 (R.I.1987).[5]

However, we express no opinion as to the applicability of such an exception because, aside from the plain language of the statute and precedent, there may be policy considerations for prohibiting appeals when they arise from intra-governmental disputes. For example, it may be intended that one agency have ultimate authority over another agency on the matter in controversy. *See Iowa Dep't of Revenue v. Iowa State Bd. of Tax Review*, 267 N.W.2d 675 (Iowa 1978) (director of the department of revenue is subordinate to the board of tax on state tax matters; therefore, the director's department is not a party aggrieved and may not appeal the board's reversal of the director's ruling).

We note that the Commission, of course, is granted jurisdiction over appeals by "any person suffering a legal wrong because of any action by the director of personnel services or the person's appointing authority[.]" HRS § 76–48 (1985); HRS § 76–78 (1985).

### III.

Having concluded that the circuit court did not have jurisdiction to hear the appeal, we vacate the circuit court's Order Affirming the Decision of the Civil Service Commission, County of Hawaii [Hawai'i], State of Hawaii [Hawai'i], order the circuit court to dismiss the Department's appeal to it, and dismiss the Department's appeal to this court from the circuit court's Order.

**5.** In *Renza v. Murray*, 525 A.2d 53 (R.I.1987), the director of the Department of Employment Security sought judicial review, under a statute substantially like the one before us, of the department's board of review's opinion. The opinion had overturned an affirmance by a department referee of the director's determination that an applicant for unemployment benefits was ineligible.

The district court dismissed the appeal because the director was an "agency" and therefore not a "person." On appeal from the district court's dismissal, the Supreme Court of Rhode Island held that an agency or head of an agency who possesses regulatory powers as opposed to quasi-judicial powers has standing to appeal an adverse ruling when " 'the public has an interest in the issue which reaches out beyond that of the immediate parties.' " *Id.* at 55 (quoting *Matu-*

*nuck Beach Hotel, Inc. v. Sheldon*, 121 R.I. 386, 393, 399 A.2d 489, 493 (1979)). The court found that the director had " 'been entrusted with the administration of the department's rules and regulation, and [he] [was] therefore considered to be the guardian of the public interest in the area of unemployment security.' " *Id.* at 56 (quoting *Newman–Crosby Steel, Inc. v. Fascio*, 423 A.2d 1162, 1166 (R.I.1980)).

This public's stake in the outcome need not be overwhelming; indeed this court has held that "the question of standing in the public interest area, as in other areas, should not center on the quantum of the public's interest, but on whether an unfavorable outcome of the controversy will adversely affect the public interest." *Id.* (quoting *Matunuck*, 121 R.I. at 395, 399 A.2d at 494).